PEOPLE ex rel. WESTBAY v. DELANEY.

(Supreme Court, Special Term, New York County.   July 18, 1911.)

1. STATES (§ 119*)—LICENSES—GIVING PUBLIC MONEY TO PRIVATE CORPORA-
   TIONS—ENFORCEMENT OF PENAL STATUTES.
   Laws 1894, c. 115, as amended by Laws 1895, c. 412, and Laws 1902, c.
   495, requiring the owner of a dog to pay an annual license to a humane
   society incorporated by a special act, and providing that fees collected
   shall be applied by the society in defraying the cost of carrying out the
   act, and the balance in enforcing Pen. Code, §§ 655–669, and other stat-
   utes relating to humane work, is not unconstitutional, as giving public
   money to a private undertaking.
   [Ed. Note.—For other cases, see States, Dec. Dig. § 119.*]

2. LICENSES (§ 6*)—DELEGATION OF POWERS.
   Such statute is not unconstitutional, as conferring discretionary power
   on the corporation to grant licenses.
   [Ed. Note.—For other cases, see Licenses, Dec. Dig. § 6.*]

3. CONSTITUTIONAL LAW (§ 320*)—DUE PROCESS OF LAW—DESTRUCTION OF
   UNLICENSED DOGS.
   Laws 1894, c. 115, as amended by Laws 1895, c. 412, and by Laws 1902,
   c. 495, requiring the owner of a dog to pay an annual license fee, and
   authorizing the destruction of unlicensed dogs not claimed and redeemed
   within a specified time, is not invalid, as authorizing the summary de-
   struction of dogs without notice to the owner, and is not a taking of
   property without due process of law.
   [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 771,
   778; Dec. Dig. § 320.*]

4. COURTS (§ 91*)—CONTROLLING DECISIONS.
   The decisions of the Court of Appeals are binding on an inferior court.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 325, 326; Dec.
   Dig. § 91.*]

Habeas corpus by the People, on the relation of Henry E. West-
bay, against Michael Delaney, a police officer of New York, for the
discharge of relator, arrested for violating a statute.   Writ dismissed.

William J. Miller, for petitioner.

Charles S. Whitman, Dist. Atty. (J. Mayhew Wainwright and
Strong & Cadwalader, of counsel), for defendant.

LEHMAN, J.   The relator was arrested on the complaint of an
agent of the American Society for the Prevention of Cruelty to
Animals under a charge of unlawfully and willfully violating the pro-
visions of chapter 115 of the Laws of 1894, as amended by chapter
412 of the Laws of 1895 and chapter 495 of the Laws of 1902, in fail-
ing to obtain a license for a dog.   He has obtained a writ of habeas
corpus, claiming that his arrest is unlawful, on the ground that the
said statute is unconstitutional and void.

[1] The act of 1894 is entitled, "An act for the better protection
of lost and strayed animals, and for securing the rights of the own-
ers thereof," and provides penalties for the violation of this act.   It
provides in section 1 that:

"Every person who owns or harbors one or more dogs within the corporate
limits of any city having a population of over twelve hundred thousand shall

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
130 N.Y.S.—53

procure a yearly license for each animal, paying the sum of two dollars for each one, as hereinafter provided."

And in section 9 that a person failing to comply with the provisions of the act shall be deemed guilty of disorderly conduct. Section 5 of the act provides that:

"Dogs not licensed pursuant to the provisions of this act shall be seized, and if not claimed and redeemed within forty-eight hours thereafter they may be destroyed, but if not claimed and redeemed or destroyed within five days of the time of seizure they shall then be destroyed."

In section 8 it is provided that:

"The American Society for the Prevention of Cruelty to Animals is hereby empowered and authorized to carry out the provisions of this act, and the said society is further authorized to issue the licenses and renewals, and to collect the fees therefor, as herein prescribed, and the fees so collected shall be applied by said society in defraying the cost of carrying out the provisions of this act, and maintaining a shelter for lost, strayed or homeless animals; and any fees so collected and not required in carrying out the provisions of this act shall be retained by the said society as compensation for enforcing the provisions of title 16 of the Penal Code, and such other statutes of the state as relate to the humane work in which the said society is engaged."

A somewhat similar statute (chapter 448 of the Laws of 1896), which provided that the incorporated society, organized for the prevention of cruelty to animals in certain cities, "is hereby empowered and authorized to carry out the provisions of this act; and such society is further authorized to issue licenses and renewals, and to collect the fees for such, as herein prescribed, which fees are to be used by such society towards defraying the cost of carrying out the provisions of this act and maintaining a shelter for lost, strayed or homeless animals, and for its own purposes"—was declared unconstitutional by the Court of Appeals in the case of Fox v. Mohawk & Hudson River Humane Society, 165 N. Y. 517, 59 N. E. 353, 51 L. R. A. 681, 80 Am. St. Rep. 767. The ground of this decision was twofold. The court held, first, that the appropriation of the license fees to a society organized by the voluntary act of individuals alone is a gift of public moneys to or in aid of an association, corporation, or private undertaking; second, that since the statute then under consideration empowered the society to appropriate, harbor, and keep dogs without paying any license fee, while every other citizen is obliged to pay such license fee, it is unconstitutional, because it grants an exclusive privilege and immunity forbidden by the Constitution.

The second ground of the decision requires little consideration by me, because subsequent to the decision in that case the statute under which the complainant is claiming its rights was so amended as to destroy this exclusive privilege and immunity. In that case the defendant claimed, as the complainant now claims, that the grant of license fees was valid because the defendant, "though a corporation organized by the voluntary acts of individuals, is a 'subordinate governmental agency,' and that an appropriation of money to its use is but an appropriation of money for the support of the government, and not within the constitutional restrictions." The court there held that a corporation could be a public employé, but not a public officer,

but that even if it be assumed that in that sense the Legislature could create the—

"defendant 'a subordinate governmental agency' to assist in the enforcement of the criminal laws relative to cruelty to animals, still that assumption will not establish the proposition that the devotion of these license fees is to a governmental purpose. It cannot be said to be compensation for services done in the destruction of the dogs, for the amount of money received is in inverse proportion to the services rendered. * * * It is contended that the statute was enacted to exterminate homeless, wandering, or diseased dogs, which may be a source of great danger to life and health. If the statute prescribed action appropriate to effect such result, the work directed to be done in pursuance of it might be well termed governmental, and a very different question presented. The legislation before us we think destitute of any such feature. It is but an exaction of money or property from one citizen and its appropriation to another for its private use."

The legislation before me, however, differs from the legislation before the Court of Appeals in that case in the very particulars which that court says would present a very different question. The complainant is not organized by the voluntary act of individuals under a general statute, but was incorporated by special act. The license fees are expressly given not for its private purposes, but all fees not required for the carrying out the provisions of the act are to be retained as compensation for enforcing the provisions of the Penal Code and other statutes. This compensation is not in the inverse proportion to the services rendered, for these services extend to other matters in addition to the killing of unlicensed dogs. Many of these services had been previously performed by the municipality, and under the statute the society has proved an appropriate means of performing this work.

[2] While the Legislature has not the right to vest in private associations authority and power affecting the life, liberty, and property of citizens, except in a few special instances, it has the undoubted right to employ private associations and individuals in a purely administrative capacity, to compensate them for such services, and to appropriate funds in aid of such services. Under this statute the complainant has no discretionary power to grant licenses, and it seems to me that such powers as have been confided to it are powers which could be constitutionally vested in a private corporation.

[3] In fact, the case of Fox v. Mohawk & Hudson River Humane Society is express authority for the view that the statute cannot be held void on either of the two grounds:

"First, that the direction for the summary destruction or appropriation of the dog without notice to the owner was taking the property of such owner without due process of law; second, that the act assumed to vest in the defendant, a private corporation, the execution of certain police powers of the state, and, in effect, to constitute it a public officer."

It is to be noted, also, that after the Fox Case was decided by the Court of Appeals this statute was amended to meet that decision. That amendment shows, I believe, that the Legislature regarded the complainant as a fit instrument of public administration, and its effort to employ it for that purpose should not be lightly declared void by a court of the first instance in a proceeding requiring a somewhat

hasty decision, especially in view of the fact that the Legislature has destroyed every other instrument which might be used to perform this public duty.

[4] The relator also contends that this statute is void, because it required a two-thirds vote, instead of a majority vote. The same contention was raised in the earlier case, and was there overruled, and that decison is binding upon me.

The writ is therefore dismissed.