THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL



September 22, 1958

Honorable Bill Allcorn          Opinion No. WW- 505
Commissioner
General Land Office             Re:  Whether the General Land
Austin, Texas                        Office can pay registration
                                     fees for the Chief Apprais-
                                     er, the Executive Secretary
                                     of the Veterans' Land Board
                                     and an attorney, to attend
                                     the Southwest Appraisal Con-
Dear Mr. Allcorn:                    ference to be held in Austin.

        You have requested our opinion on whether the General
Land Office can pay registration fees for the Chief Appriaser,
the Executive Secretary of the Veterans' Land Board and an
attorney, all employees of the General Land Office, to attend
the Southwest Appraisal Conference to be held in Austin.  You
state that the General Land Office has had numerous and varied
problems arising out of condemnation proceedings, both from
the legal standpoint and from the standpoint of placing an
appraised value on land being condemned.  Your appraisers
appraise State-owned free public school land and the land
presently owned by the Veterans' Land Board in connection with
condemnation proceedings.

        Section 51 of Article III of the Constitution of
Texas reads in part as follows:

        "The Legislature shall have no power to make
        any grant of public moneys to any individual, asso-
        ciation of individuals, municipal or other corpora-
        tions whatsoever; . . . "

        Numerous opinions have been written by this office
on whether comparable expenses may be paid for State employees
to attend meetings, conferences and schools.  Attorney General's
Opinion WW-433 (1958), after citing the above constitutional
provision, sums the applicable law as follows:

"It is apparent that the above Article pro-
hibits the Legislature from granting or appropriat-
ing public money to any individual, association of
individuals, municipal or other corporations. How-
ever, the Texas courts have interpreted Section 51,
Article III, as not preventing the Legislature from
appropriating State funds to an individual, associa-
tion of individuals, municipal or other corporations
if the use and purpose of the appropriation is for
the furtherance of the governmental duties of the
State. If the appropriation is for a use not related
to State governmental duties and functions, such
appropriation is a gratuity and invalid. Bexar
County v. Linden, 110 Tex. 339, 220 S.W. 760 (1920);
Road District No. 4, Shelby Co. v. Allred, 68 S.W.2d
164 (Comm. App., 1934), opinion adopted by the
Supreme Court; City of Aransas Pass v. Keeling, 247
S.W. 818, 112 Tex. 339 (1923); Jones v. Alexander,
59 S.W.2d 1083 (Comm. App., 1933), opinion adopted
by the Supreme Court; Texas Pharmaceutical Associa-
tion v. Dooley, 90 S.W.2d 328 (Tex. Civ. App., 1936);
Jefferson Co. v. Board of Co. & Dist. Road Indebted-
ness, 182 S.W.2d 908 (1944)."

Attorney General's Opinion WW-83 (1957) discusses
prior Attorney General's Opinion on this question and concludes:

"It is to be noted that in determining whether
travel is included pursuant to the general appropria-
tion bill is for 'state business' the question to be
decided is whether the result is the accomplishment
of a governmental function and that the means and
methods adopted is reasonably necessary. Since the
training described in your letter will be directly
and substantially used to facilitate the operation
of the IBM equipment to be used by the Board of
Insurance Commissioners, it is our opinion that the
proposed travel is for 'state business' since such
trip will result in the accomplishment of governmen-
tal functions entrusted to the employees and will be
of a substantial and direct benefit to the Board of
Insurance Commissioners. You are, therefore, advised
that the proposed travel expense as outlined in your
request is authorized."

Applying these principles to the instant case, in our opinion the Chief Appraiser of the General Land Office has official duties devolved upon him in relation to free public school land and land owned by the Veterans' Land Board of such a character that a high degree of professional competence in appraising land values would be necessary to the performance of a governmental function entrusted to him and would be of substantial and direct benefit to the General Land Office. The training and information received at such conference would have, therefore, a sufficient relationship to the performance of a governmental function as to allow such registration fee to be paid by the State.

The Executive Secretary of the Veterans' Land Board, having supervisory responsibility over the operations of the Veterans' Land Board, has a primary concern for the proper and adequate appraisal of lands involved in the Board's activities sufficient to establish that his attendance at such conference would be for the primary benefit of the State. The General Land Office may pay his registration fee. Also, since the operations of the General Land Office and the Veterans' Land Board, including appraisals, are conducted in a context of specific legal requirements, we feel the General Land Office may also pay the registration fee for this attorney to attend the conference.

## SUMMARY

The General Land Office may pay the registration fees for the Chief Appraiser to attend the Southwest Appraisal Conference, such training received being reasonably, substantially and directly related to his duties, and the registration fees for the Executive Secretary of the Veterans' Land Board and an attorney

Honorable Bill Allcorn, Page 4 (WW-505).

for the General Land Office
may also be paid.

Sincerely,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Assistant

TIM:ci:jl

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

Jack Goodman

L. P. Lollar

J. Milton Richardson

REVIEWED FOR THE ATTORNEY GENERAL
BY:

W. V. Geppert