



# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 25, 1958

Mr. Nelson Brown
Executive Director
Texas Commission on Alcoholism
1501 Guadalupe Street
Austin 1, Texas

Opinion No. WW-467

Re: Payment of travel and per diem
expenses for employees of the
Commission on Alcoholism and
employees of other State De-
partments to attend the Insti-

Dear Mr. Brown:          tute of Alcohol Studies.

    The University of Texas is presenting a six-day
Institute on Alcohol Studies in cooperation with the Texas
Commission on Alcoholism. The Texas Commission on Alcohol-
ism has secured the services of several nationally and inter-
nationally known authorities and your opinion request con-
cerns the payment by various State agencies of per diem and
travel expenses for their employees who intend to attend the
Institute.

    You have asked this office whether the following
State employees can receive per diem and travel expenses to
attend the Institute, such employees being classified into
three groups: (1) Field Representatives of the Commission
on Alcoholism; State Hospital employees such as doctors, nurses,
chaplains, and social workers; Texas State Hospitals and
Special School employees who work full time with alcoholic
patients, and who are paid from the special supplemental ap-
propriation which is listed under the Commission's Appropria-
tion in Article III of House Bill 133; (2) employees of
Public Welfare, Department of Health, Department of Public
Safety, Board of Pardons and Paroles, Texas Employment Com-
mission, Texas Department of Corrections and the Liquor Con-
trol Board, whose work brings them into contact with alcoholics
and their families; (3) employees of the Central Education
Agency, Junior Colleges and Agencies of Higher Education whose
jobs necessitate a knowledge and understanding of modern methods
of instruction regarding the problem of alcoholism.

In a supplemental opinion request you have requested this office to pass on the legality of the Commission to reimburse one of your Field Representatives for travel expenses incurred by him while attending the National Council on Alcoholism Institute held at Columbia University.  It is our understanding that all of the other expenses that will be incurred in attending this Institute will be covered by a scholarship.

The answers to your questions are governed by the application of Section 51 of Article III of the Texas Constitution, which is as follows:

> "The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever; . . ."

It is apparent that the above Article prohibits the Legislature from granting or appropriating public money to any individual, association of individuals, municipal or other corporations.  However, the Texas courts have interpreted Section 51, Article III, as not preventing the Legislature from appropriating State funds to an individual, association of individuals, municipal or other corporations if the use and purpose of the appropriation is for the furtherance of the governmental duties of the State.  If the appropriation is for a use not related to State governmental duties and functions, such appropriation is a gratuity and invalid.  Bexar County v. Linden, 110 Tex. 339, 220 S.W. 760 (1920); Road District No. 4, Shelby Co. v. Allred, 68 S.W.2d 164 (Comm. App., 1934), opinion adopted by the Supreme Court; City of Aransas Pass v. Keeling, 247 S.W. 818, 112 Tex. 339 (1923); Jones v. Alexander, 59 S.W.2d 1083 (Comm. App. 1933), opinion adopted by the Supreme Court; Texas Pharmaceutical Association v. Dooley, 90 S.W.2d 328 (Tex. Civ. App., 1936); Jefferson Co. v. Board of Co. & Dist. Road Indebtedness, 182 S.W. 2d 908 (1944).

Accordingly, the extent that the authorization for the expenditure of appropriated funds for personnel to attend schools, clinics and conferences, etc., for training purposes is directly and substantially related to the performance of the State's governmental functions.  The limitation imposed by the provisions of Section 51, Article III of the Texas Constitution, is that no governing board may allow State employees and officials to attend schools, clinics or conferences, etc., which bear no substantial and direct relation to the governmental duties of the State.

We find the following language in the General Appropriation Bill, 55th Legislature, Regular Session, at pages 1153 and 1154, respectively:

"Sec. 29. . . .

"f.   Travel expenses may be reimbursed from the appropriations made in this Act only where the purposes of the travel performed are clearly for the conduct of the State's official business and in consonance with the legal responsibilities of the agency of the State represented.

"   . . .

"Sec. 30. . . .

"b.   State employees are entitled to a per diem allowance while engaged in travel on official state business, provided such travel is authorized by heads of state agencies or an employee to whom such authority has been officially delegated.   . . ."

Therefore, in order for us to answer your opinion request, it is necessary to apply the above statutory limitation to the fact situation that you have presented and determine if the training in question is for the furtherance of the governmental duties of the various State agencies who desire to send their employees to attend this Institute and, therefore, State business.

In reviewing past Attorney General's Opinions on the same question of training of governmental personnel, it is noted that the following rules have been consistently applied to determine whether the training was such that the State could pay for it.  The question asked is whether the training described will be directly and substantially used to facilitate the governmental duties and functions of the State agency requesting such training.  Also, do the facts establish that there is a reasonable, substantial and direct relationship between the purpose of the training and the accomplishment of the governmental functions entrusted to the employee?  (Attorney General's Opinion WW-83, April 1, 1957, Insurance Commission employee training at I.B.M. school, two-weeks course; Attorney General's Opinion WW-223, September 12, 1957, Department of Public Safety employee pilot training

in flight proficiency training program; Attorney General's Opinion R-2128, Department of Public Safety employee training in Police Administration at Northwestern University, four and one-half months course); and Attorney General's Opinion WW-433.

In applying the above rules to the fact situation that you have presented, it is our opinion that each group of employees must be discussed separately to determine whether the training received by them at the Institute will be directly and substantially used by them in the furtherance of their governmental duties.

The statutory duties and functions of the Texas Commission on Alcoholism, Article 5561c, Vernon's Civil Statutes, Section 5 (2), provides that the Commission shall:

"(2)  Establish cooperative relationships with other State and local agencies, hospitals, clinics, public health, welfare, and law enforcement authorities, educational and medical agencies and organizations, and other related public and private groups."

Section 6 of Article 5561c provides that:

"To effectuate the purpose of this Act and to make maximum use of existing facilities and personnel, it shall be the duty of all departments and agencies of the State government and of all officers and employees of the State, when requested by the Commission, to cooperate with it in all activities consistent with their proper function. . . ."

It is clearly shown by the above statutory provision that the Texas Commission on Alcoholism is to work in cooperation with the other State agencies, and unless there is a cooperation with the various State agencies, then the purpose of the Commission would be defeated.

In Group One, we clearly think that those employees are to gain valuable knowledge at the Institute which will be a substantial and direct benefit to the State by teaching them how to treat the alcoholic patients in the State hospitals.

We further think that all of the employees in Group Two will gain benefits that will be a substantial and direct benefit in helping them to carry out their duties as State employees.  These employees in Group Two come into contact with alcoholics in every phase of their work and certainly if the employees in Group Two can learn a method to help these alcoholics, then they have been substantially and directly benefited by attending the Institute.

We now come to the third group of employees.  The Third Group of employees is composed entirely of educators. In Article 2911 of Vernon's Civil Statutes, we find the following language:

> "All public schools in this State shall be required to have taught in them orthography, . . .  The effects of alcohol and narcotics shall be taught in all grades of the public schools and in all of the colleges and universities that are wholly or in part supported by State funds."

It is, therefore, our opinion that employees of the Central Education Agency and the employees of the agencies of higher education may be allowed their travel expenses and per diem.  The technical knowledge gained by these employees of the Central Education Agency and higher education agencies would be for such a purpose as to fall within the above discussed rule.

However, we do not think that the personnel from the Junior College falls within any of the groups above discussed. Personnel from the Junior Colleges could not be paid by the State for their travel expenses.  Article IV, Section 5 at page 1097 of the General Appropriation Bill of the 55th Legislature provides:

> "The expenditure by a Public Junior College of any funds received by it under the provisions of this Article shall be limited to the payment of instructional salaries and the purchase of supplies and materials required for instructional purposes."

Therefore, it is our opinion that the Junior College personnel cannot have their expenses paid by any State agency or by State funds.

The 55th Legislature in the General Appropriation Bill has appropriated funds to cover travel expenses and per diem expenses for all of the employees covered in Groups One, Two and Three and we, therefore, conclude that the purpose of the Institute and the accomplishment of the functions of government entrusted to the employees are reasonable, substantial and direct. Therefore, those employees approved in this opinion should be allowed their travel and per diem expenses while attending the Institute.

We are further of the opinion that the situation posed in your supplemental opinion request also falls within the rule above discussed, and, therefore, the Field Representative who attended the National Council on Alcoholism at Columbia University should be allowed his travel and per diem expenses.

## S U M M A R Y

Payment of travel and per diem expenses for certain State employees attending an Institute on Alcohol Studies held by the Texas Commission on Alcoholism and the National Council on Alcoholism is authorized.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Linward Shivers
Linward Shivers
Assistant

LS:pf:zt

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
J. Arthur Sandlin
Richard B. Stone
Wayland C. Rivers, Jr.
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert