

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

Overrules V-354

**WILL WILSON**
**ATTORNEY GENERAL**

March 14, 1962

Honorable William E. Carroll
District Attorney
1st Judicial District
Jasper, Texas

Opinion No. WW-1276

Re: Whether a district
attorney should be re-
imbursed for his actual
and necessary expenses
in appearing before the
Court of Criminal Appeals
to argue a criminal case,
and related questions.

Dear Mr. Carroll:

We are in receipt of your request in which you ask
the following questions:

"(1) Whether or not a district attorney
should be reimbursed for his actual and
necessary expenses in connection with appear-
ing before the Court of Criminal Appeals on
behalf of the State of Texas to argue a case
in which the district attorney has represented
the State of Texas in a district court in his
district and which has been appealed to the
Court of Criminal Appeals.

"(2) Whether or not a district attorney
should be reimbursed for his actual and
necessary expenses in connection with arguing
a motion for rehearing before the Court of
Criminal Appeals in a case in which the
district attorney represented the State of
Texas in a district court of his district and
which has been reversed by the Court of
Criminal Appeals."

These questions arise as a result of Opinion No.
V-354, by a former Attorney General who held such office in
1947, in which opinion he held that a district attorney was
not entitled to reimbursement for his travel expenses where
he traveled beyond his district to appear before the Court
of Criminal Appeals in connection with a motion for rehear-
ing nor when he made similar trips for the purpose of dis-
cussing the reindictment of the defendant with the State's

Attorney and the judges of the Court of Criminal Appeals. The basis of this opinion was centered around the construction of Article 1811, Vernon's Civil Statutes, which provides:

> "The Court of Criminal Appeals shall appoint an attorney to represent the State in all proceedings before said court, to be styled 'State's prosecuting attorney.'"

In construing this statute it was the opinion of the then Attorney General that since it was the duty of the State's prosecuting attorney to represent the State in all proceedings before such court, that the district attorney had no authority to represent the State before the Court of Criminal Appeals and was not entitled to be reimbursed for his traveling expenses.

The questions which you present are, in effect, a request for a reconsideration of Attorney General's Opinion No. V-354.

Article 6820, Vernon's Civil Statutes, provides in part as follows:

> "All district judges and district attorneys when engaged in the discharge of their official duties <u>in any county</u> in this State other than the <u>county of their</u> residence shall be allowed their actual and necessary expenses while actually engaged in the discharge of such duties, . . . ." (Emphasis added)

Section 21 of Article V, Texas Constitution, provides that it shall be the duty of the district attorney to represent the State in all criminal cases in the district courts of his particular district.

Article 25 of the Texas Code of Criminal Procedure also provides:

> "Each district attorney shall represent the State in all criminal cases in the district courts of his district."

Our investigation shows that on the average there are 1500 cases appealed annually to the Texas Court of Criminal Appeals which require study; from 450 to 500 of these cases

require extensive study and the preparation of briefs. There is only one State's prosecuting attorney and the cases appealed each year are increasing in volume.

Section 51 of Article III of the Texas Constitution provides in part as follows:

"The Legislature shall have no power to make any grant or authorize the making of any grant of public monies to any individual, association of individuals, municipal or other corporations whatsoever; . . . ."

While this article prohibits the Legislature from granting or appropriating public money to any of the potential recipients named, the Texas courts have interpreted this section of the Constitution as not preventing it from appropriating State funds to an individual, association of individuals, municipal or other corporation if the use or purpose of the appropriation is for the furtherance of the governmental duties of the State. If an appropriation is made for a use not related to any State governmental duty or function, such an appropriation would be a gratuity and therefore invalid. Bexar County v. Linden, 110 Tex. 339, 220 S.W. 760 (1920); Road District No. 4, Shelby Co. v. Allred, 123 Tex. 77, 68 S.W.2d 164 (1934); City of Aransas Pass v. Keeling, 112 Tex. 339, 247 S.W. 818, (1923); Jones v. Alexander, 122 Tex. 328, 59 S.W.2d 1080 (1933); Texas Pharmaceutical Association v. Dooley, 90 S.W.2d 328 (Civ. App.,1936); Jefferson Co. v. Board of Co. & Dist. Road Indebtedness, 143 Tex. 99, 182 S.W.2d 908 (1944).

This office has been called on many occasions for an opinion to determine whether expenditure of appropriated funds could be used by personnel of the various governmental departments to attend schools, clinics, conferences, etc., for training purposes which would directly and substantially relate to the performance of the State's governmental functions.

In Attorney General's Opinion No. WW-223, (1957) this office held that the Texas Department of Public Safety could pay the tuition of an employee for the attendance of a Pilot-Investigator Flight Proficiency Training Program. We held in that opinion that:

"It is apparent from the facts stated in your request that the training received by the said Pilot-Investigators will be directly and substantially used by the employee Pilot-Investigator to facilitate the operation of

the aircraft in a more efficient manner,
and therefore, the facts established that
the relationship between the purpose of
the training and the functions of the Texas
Department of Public Safety intrusted to
the employee is reasonable, substantial and
direct."

In Attorney General's Opinion No. WW-505, (1958) this
office held that the General Land Office may pay the regis-
tration fees for their Chief Appraiser to attend the South-
West Appraisal Conference because such training that he would
receive reasonably, substantially and directly related to his
duties and that the fees for registration of the Executive
Secretary of the Veteran's Land Board and an Attorney for the
General Land Office may also be paid.

Attorney General's Opinion No. WW-467, (1958) held that
the payment of traveling and per diem expenses for certain
named State employees attending an Institute on Alcohol Studies
held by the Texas Commission on Alcoholism and the National
Counsel of Alcoholism was authorized.

In Attorney General's Opinion No. WW-83 (1957) the
question was presented to this office whether persons assigned
to the Board of Insurance Commissioners, who were responsible
for the preparation of 250,000 monthly assistance warrants and
all the related departmental statistical reporting as well as
other duties, could attend an IBM school in order to learn how
to use a new type of IBM machine which was to be delivered to
that department in the then near future.

In holding that they could be sent to such a school this
office held in that opinion in part as follows:

". . .Therefore, we will review the hold-
ing therein as well as various previous opin-
ions of Attorney Generals on similar questions.
In reaching the conclusion in Attorney
General's Opinion S-209,. it was stated that
the training given would be directly and sub-
stantially used by the employee to facilitate
the operation of the IBM machine in a more
efficient manner and, therefore, the facts
established that the relationship between the
purpose of the trip and the accomplishment of
the functions of the government entrusted to
the employee is reasonable, substantial and
direct."

We further held in that opinion that in determining whether travel is included pursuant to the General Appropriations Bill "for State purposes" the questions to be decided are whether the result of such travel is the accomplishment of a governmental function and the means and methods adopted are reasonably necessary.

In Attorney General's Opinion No. WW-245 (1957) this office held that the traveling expenses incurred by district attorneys attending conferences of district and county attorneys for the purpose of study and discussion of mutual problems in the field of criminal prosecution was authorized. In that opinion we quoted Subdivision F of Section 29, of Article 6 of House Bill 133, Acts of the 55th Legislature, effective September 1, 1957, which provided as follows:

"Travel expenses may be reimbursed from the appropriations made in this Act only where the purposes of the travel performed are clearly for the conduct of the State's official business and in consonance with the legal responsibilities of the agency of the State represented."

We concluded that opinion by saying that the travel expenses of a district attorney coming to Austin to attend the conference may be paid by the Comptroller out of the money appropriated in House Bill No. 133, Acts 55th Legislature.

It was the former Attorney General's Opinion in V-354 that since the Court of Criminal Appeals appoints a State's prosecuting attorney to represent the State in all proceedings before that court, a district attorney would not be entitled to his mileage or expenses when he appeared before the Court of Criminal Appeals to assist the State's prosecuting attorney in the preparation of the necessary briefs that precede such an argument. It is our opinion that Attorney General's Opinion V-354 is erroneous, and the same is expressly overruled.

The question is not whether the Court of Criminal Appeals has a State's Attorney to present cases before them on appeal, but whether the travel by a District Attorney to Austin to argue an appeal before the Court of Criminal Appeals or a Motion for Rehearing is State's business. It has been the opinion of this office that to entitle a State employee to be reimbursed for travel expenses the facts must establish "that the relationship between the purpose of the trip and the accomplishment of the functions of the government entrusted to the employee is reasonable, substantial and direct."

The District Attorney is entrusted by the Constitution and the citizenry of his district to prosecute those charged with a violation of a crime made punishable in his jurisdiction by the Legislature. A district attorney who prosecuted the case and secured the convictions, being fully informed as to the facts presented in the trial court, can better inform the Court of Criminal Appeals on the points upon which the defendant is predicating his appeal and the Court of Criminal Appeals is entitled to the benefit of the district attorney's superior knowledge of the case. To continue to pursue his function as a prosecutor by assisting the State's Attorney on an appeal from conviction is a function which is reasonable, substantial, and of direct benefit to the State of Texas, and he is, in our opinion, entitled to reimbursement for his actual and necessary expenses in connection with appearances before the Court of Criminal Appeals on behalf of the State of Texas, whether it be to argue the case on appeal or to argue a motion for rehearing.

## S U M M A R Y

A district attorney is entitled to reimbursement for his actual and necessary expenses in appearing before the Court of Criminal Appeals to argue a criminal case or a motion for rehearing. Prior Attorney General's Opinion No. V-354 (1947) is expressly overruled.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Leon F. Pesek
Assistant Attorney General

LFP:sh

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman
J. C. Davis
Marvin Thomas
Bob Flowers

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.