

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 19, 1972

Overruled by H-LA-6
when conflict

Honorable Philip G. Hoffman
Office of the President
University of Houston
Houston, Texas   77004

Opinion No. M-1162

Re: Is the University of Houston
prevented by Texas law from
collecting voluntary contributions
from students for the Texas
Public Interest Research Group
on either a charge or gratuitous
basis?

Dear Doctor Hoffman:

Your request for an opinion from this office reads as follows:

"Is the University of Houston prevented by
Texas law from collecting voluntary contributions
from students for the Texas Public Interest Research
Group on either a charge or gratuitous basis?"

The applicable provisions of the Texas Education Code pertaining
to the collection of fees from students are set out as follows:

Section 54.003.

"No institution of higher education may collect
from students attending the institution any tuition,
fee, or charge of any kind except as permitted by
law, and no student may be refused admission to
or discharged from any institution for the nonpayment
of any tuition, fee, or charge except as permitted by
law. " (V. A. C. S. Art. 2654a, Sec. 1) (Emphasis
added. )

Section 54.004.

> "All tuition, local funds, and fees collected by an institution of higher education shall be retained and expended by the institution and accounted for annually as provided in the general appropriations act." (V. A. C. S. Art. 2654c, Sec. 1(n), 2 (part).) (Emphasis added.)

Section 54.005.

> "The provisions of this subchapter requiring the governing board of each institution of higher education to collect tuition fees do not deprive the board of the right to collect special fees authorized by law." (V. A. C. S. Art. 2654c, Sec. 1(m) (part).) (Emphasis added.)

Section 54.503.

> "(a) For the purposes of this section, 'student services' means textbook rentals, recreational activities, health and hospital services, automobile parking privileges, intramural and intercollegiate athletics, artists and lecture series, cultural entertainment series, debating and oratorical activities, student publications, student government, and any other student activities and services specifically authorized and approved by the appropriate governing board.

> "(b) The governing board of an institution of higher education may charge and collect from students registered at the institution fees to cover the cost of student services which the board deems necessary or desirable in carrying out the educational functions of the institution. The fee or fees may be either voluntary or compulsory as determined by the governing board. The total of all compulsory student service fees collected from a student for any one semester or summer session shall not exceed $30. . . ." (Emphasis added.)

From the data and information furnished this office it is shown that the Texas Public Interest Research Group (TexPIRG) will be operated as follows:

"TexPIRG is a nonprofit, tax-exempt, student-based corporation to be funded by Texas college students through a collection of an optional fee of $2.00 per semester. Its Board of Directors comprised solely of students will be elected by the students participating in the TexPIRG financing. Any enrolled, fee-paying student can seek election to the TexPIRG Board of Directors, and there will be at least one representative for each school participating; for the larger schools there will be one representative for each 5,000 students participating.

"The professional staff of TexPIRG will consist of lawyers and professionals from such fields as engineering, biological and physical sciences, social sciences, urban and regional planning, and public administration. The staff will be selected by the State Board of Directors and will be employed on a fulltime basis. The general areas of TexPIRG concern will include consumer protection, resource planning, occupational safety, protection of natural areas and environmental quality, racial and sexual discrimination, landlord-tenant relations, delivery of health care, and similar matters of urgent or longrange concern of the people of Texas. TexPIRG will have no formal connection, financial or otherwise, with any national organization or any public interest group located outside Texas. Action taken by TexPIRG will consist of a coordinated effort of analysis and research, public education, active representation before legislative bodies and before administrative and regulatory agencies, and litigation where such actions are warranted to achieve the goals of this group.

"One of TexPIRG's primary goals is to involve students in all aspects of TexPIRG's work in order not only to utilize their energies, ambitions and

> resources, but also to educate the students in the
> practical application of their knowledge.  Students
> will be expected to act in several capacities: informing
> the professional staff of both the student and community
> concerns on specific issues; testifying before legislative
> and administrative hearings; drafting of model legislation;
> and preparing legal memoranda and basic legal research
> on selected topics. "

From reading the above it appears that your University would only be an agency or pipeline to collect from students, on either a compulsory or voluntary basis, money with which to finance TexPIRG.  Your Board would have no control or authority over TexPIRG as the facts show that the Directors of TexPIRG are elected from each participating school.  In effect your University would be collecting money to operate a private non-profit corporation; therefore any fee collected under the provisions of Section 54. 503 on a voluntary basis to fund TexPIRG would be outside the scope of carrying out the educational functions of your University, the scope of which is limited by the statute.

In addition to the matters discussed in the foregoing paragraph, it does not appear from the facts submitted that the proposed fee to be collected from students at various institutions of higher education and used to fund TexPIRG, would or could be classified as a fee that would be used for a governmental purpose, and the collection of such fee by your University would be prohibited by Section 51 of Article III of the Constitution of the State of Texas, which provides, in its relevant part:

> "The Legislature shall have no power to make
> any grant or authorize the making of any grant of
> public moneys to any individual, association of
> individuals, muncipal or other corporations what-
> soever; . . ."

In the case of Texas Pharmaceutical Ass'n. v. Dooley, 90 S. W. 2d 328 (Tex. Civ. App. 1936, no writ) the Court held that a statute which authorized the State Board of Pharmacy to collect fees from pharmacists and turn a portion of the fees over to the State Pharmaceutical Association,

a private corporation, was unconstitutional because the fees were public money, whether deposited in the treasury or not, and therefore a grant of public money for other than governmental purposes was in violation of Section 51 of Article III of the Texas Constitution. The court states at page 330:

> ". . . the appropriation of the major portion of same to a private corporation in nowise charged with the enforcement of the act would be clearly void. Appellant is not in any wise shown to be subject to any control of the State Board of Pharmacy, whose members were public officers of the state, required to take the constitutional oath of office, empowered to administer oaths, whose records required to be kept are made prima facie evidence in any judicial proceeding in this state, and designated in the act as the agency of the state for the enforcement of the laws pertaining to the practice of pharmacy. In so far as the fees appropriated to it are reasonably necessary to enforce such regulation under the police power, the act is valid and sustainable. But in so far as the act undertakes to appropriate such fees to appellant, a private corporation, and not a state agency, it is void even if considered as a police regulation and not as a tax measure.

> "On the other hand, if these fees provided for in section 14 above quoted and appropriated to appellant be considered as not reasonably necessary for the Board of Pharmacy to discharge its duties under the law and to enforce the same, but as levied for purposes of revenue, then clearly we think they become public funds or public moneys, whether deposited in the state treasury or not, and the attempted grant thereof to appellant private corporation is in clear violation of section 51, art. 3 of the Constitution. . . ." (Emphasis added.)

You are therefore advised that in our opinion the University of Houston is not authorized to collect fees from students to fund the operations of TexPIRG.

## SUMMARY

Under the facts submitted the University of Houston is prevented by both Section 54.503, Texas Education Code, and Section 51 of Article III of the Texas Constitution from collecting a voluntary fee from students to fund the Texas Public Interest Research Group.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John H. Banks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

John Reeves
John Traylor
Ralph Rash
Linward Shivers

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant