

# The Attorney General of Texas

November 27, 1979

**MARK WHITE**
**Attorney General**

Supreme Court Building
P O Box 12548
Austin, TX 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX 79905
915/533-3484

723 Main, Suite 610
Houston, TX 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX 79401
806 747-5238

4313 N. Tenth, Suite F
McAllen, TX 73501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 East Eleventh Street
Austin, Texas 78701

Opinion No. MW-39

Re: Legality of allowing professional organizations to utilize the "released time" of public school personnel.

Dear Commissioner Brockette:

In 1975 the Fort Worth Independent School District, which participates in the Foundation School Program, adopted a policy that allows certain professional organizations to use school personnel during working hours to pursue the business of the organization. You ask if such a policy is consistent with various constitutional and statutory provisions.

The adopted policy statement reads:

'Nine days released time with full pay will be allotted to professional organizations for each 100 members who are in good standing. Such allotments will be in blocks of 100. No allowance will be made for less than 100 in each block. The released time may be used at the discretion of the professional organization for pursuing the business of the organization by its officers or members.

The released time will be based on members in good standing for the school year immediately preceding the school year activating the released time. Professional organizations will include Fort Worth Classroom Teachers Association, American Federation of Teachers, and the Fort Worth Administrators Association.

The roll of members must be filed with the board of education for verification of numbers and employee status.'

You inquire whether the prohibitions of article III, sections 51 and 52 and article XVI, section 6 of the Texas Constitution render this policy unconstitutional. Article III, section 51 prohibits the grant of public moneys to any individual, association of individuals, or corporation. Section 52 of article III prohibits political subdivisions from granting public money or any thing of value to any individual, association, or corporation. Section 6 of article XVI prohibits appropriations for private or individual purposes unless authorized by the constitution. The Fort Worth Independent School District is covered by these provisions of the constitution. See Harlingen Ind. School Dist. v. C. H. Page & Bro., 48 S.W.2d 983 (Tex. Comm. App. 1932, jdgmt. adopted); Attorney General Opinions M–1074 (1972), M–950 (1971).

These constitutional provisions prohibit the grant of public funds or benefits to any association unless the transfer serves a public purpose and adequate contractual or other controls ensure its realization. Attorney General Opinion H-1309 (1978). The released time allotted to the professional associations constitutes a benefit financed from public funds. The policy permits teachers to pursue the business of the professional organization while being paid by the school district. In 1978-79, the Classroom Teachers Association used 301 days of released time at an estimated total cost of almost $23,000 in teacher salaries. In addition, the school district was required to pay substitute teachers. Thus, the policy authorizes the transfer of a valuable benefit to the professional association.

In our opinion, the school district has neither articulated a public purpose to be served by the released time program nor placed adequate controls on the use of released time to insure that a public purpose will be served. The time is to be used at the discretion of the professional organization for pursuing its business. In our opinion, this policy grants a substantial benefit to a private professional organization which has no obligation to apply it to accomplish a public purpose. In Texas Pharmaceutical Association v. Dooley, 90 S.W.2d 328 (Tex. Civ. App. — Austin 1936, no writ), the court invalidated an act which unconditionally appropriated public funds to a private professional association, finding it in violation of article III, section 51. See also Attorney General Opinion M-661 (1970) (county may not grant money to charity). We believe the unconditional nature of the grant of services to the professional organization renders the cited policy in violation of article III, sections 50 and 51 and article XVI, section 6. Although the school district may constitutionally pay teachers' expenses at school-related activities such as training or meetings for teachers, see Attorney General Opinions H-133 (1973), and C-474 (1965), or adopt certain types of release time programs, it has not specifically tailored the present expenditures to the accomplishment of school-related purposes. Therefore, we conclude that the policy is unconstitutional. In light of our decision in this issue, we need not address your other questions.

## S U M M A R Y

A policy of the Fort Worth Independent School District, which permits teachers to work for professional organizations while being paid salaries by the school district, constitutes an unconditional grant of public funds to a private organization and is therefore unconstitutional.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Ernest Boardman
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood
Lonny Zwiener