

# The Attorney General of Texas

December 31, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Britt Plunk
Hardin County Attorney
P. O. Box 516
Kountze, Texas    77625

Opinion No. MW-584

Re:  Duty of County Attorney to report collection and disbursement of funds collected pursuant to article 53.08 of the Code of Criminal Procedure

Dear Mr. Plunk:

You have requested our opinion regarding the duty of a county attorney to report the collection and disbursement of funds collected pursuant to article 53.08 of the Code of Criminal Procedure. That statute provides, in pertinent part:

> (a)  A county attorney... may collect a fee if his office collects and processes a check or similar sight order if the check or similar sight order:
>
> (1)  has been issued or passed in a manner which makes the issuance or passing an offense....
>
> . . . .
>
> (e)  Fees collected under this article shall be deposited in the county treasury in a special fund to be administered by the county attorney.... Expenditures from this fund shall be at the sole discretion of the attorney, and may be used only to defray the salaries and expenses of the prosecutor's office, but in no event may the county attorney... supplement his or her own salary from this fund. Nothing in this Act shall be construed to decrease the total salaries, expenses, and allowances which a prosecuting attorney's office is receiving at the time this Act takes effect.

You ask whether any of the following reporting statutes are applicable to funds collected pursuant to article 53.08:

> Whenever a district or county attorney has <u>collected money for the State or for any county</u>, he shall within thirty days after receiving the same, pay it into the treasury of the State or of the county in which it belongs, after deducting therefrom and retaining the commissions allowed him thereon by law.  (Emphasis added).

V.T.C.S. art. 335.  Language in article 335 which authorized the county attorney to retain commissions was repealed by the enactment of provisions establishing the officers' salary fund.  Tex. Const. art. XVI, §61; V.T.C.S. art. 3912k, §5.

> On or before the last day of August of each year, each district or county attorney shall file in the office of the Comptroller or of the county treasurer, as the case may be, a sworn account of all money received by him by virtue of his office during the preceding year, payable into the State or county treasury.

V.T.C.S. art. 337.

> The district attorney of each district shall, at each term of the district court for each county in his district, make a report to the county clerk, of all moneys received by him since the last term of the district court for such county <u>for the use of such county</u>.  Each county attorney shall make a similar report to the said clerk at the end of each month.  (Emphasis added).

V.T.C.S. art. 1620.

> Each district, county and precinct officer shall keep a correct statement of all <u>fees earned by him</u> and all sums coming into his hands as deposits for costs, together with all trust funds placed in the registry of the court, fees of office and commissions in a book or in books to be provided him for that purpose, in which the officer, at the time when such deposits are made or such fees and commissions are earned and when any or all of such funds shall come into his hands, shall enter the same; and it shall be the duty of the county auditor in counties having a county auditor to annually examine the books and accounts of such officers and to report his findings to the next succeeding grand jury or

> district court. In counties having no county auditor, it shall be the duty of the Commissioners' Court to make the examination of said books and accounts or have the same made and to make report to the grand jury as hereinabove provided. (Emphasis added).

V.T.C.S. art. 3896.

> All officers charged by law with collecting money in the name or for the use of the State shall report in writing under oath to the respective district courts of their several counties, on the first day of each term, the amounts of money that have come to their hands since the last term of their respective courts aforesaid.

Code Crim. Proc. art. 1001.

Article 337 is clearly applicable to the funds about which you inquire: they constitute "money received by [the county attorney] by virtue of his office [and] payable into the State or county treasury." They also constitute "fees earned by" the county attorney for purposes of article 3896. Articles 335 and 1620, as well as article 1001 of the Code of Criminal Procedure, are applicable if article 53.08 funds are collected "for the State or for any county," (article 335), "for the use of such county," (article 1620), or "in the name or for the use of the State," (article 1001).

In Attorney General Opinion MW-188 (1980), we said that article 1656a, V.T.C.S., which authorizes a county auditor to prescribe accounting procedures, is applicable to funds collected under article 53.08. The opinion emphasized the fact that article 53.08 accords to the prosecuting attorney "a limited statutory discretion to determine the purpose for which expenditures from the fund are to be made." It does remove these funds from the statutory reach of the county auditor.

Likewise, we believe that, although article 53.08 permits a county attorney to determine, within certain limitations, the purposes for which the funds may be expended, it does not convert them into non-public funds. Indeed, the statute specifies that the funds may be used "only to defray the salaries and expenses of the prosecutor's office," inarguably a public purpose. Cf. Attorney General Opinion MW-439 (1982). Funds collected by a public agency and used for public purposes are clearly public funds. See Texas Pharmaceutical Ass'n v. Dooley, 90 S.W.2d 328 (Tex. Civ. App. - Austin 1936, no writ). We conclude that such funds are collected for the use of the state and

county, and as a result, that articles 335, 1620, and 1001 are applicable thereto.  Thus, a county attorney is required to report the collection and disbursement of all funds collected pursuant to article 53.08 of the Code of Criminal Procedure, in accordance with the directives of articles 335, 337, 1620 and 3896, V.T.C.S., and article 1001 of the Code of Criminal Procedure.

## S U M M A R Y

A county attorney is required to report the collection and disbursement of all funds collected pursuant to article 53.08 of the Code of Criminal Procedure, in accordance with the directives of articles 335, 337, 1620 and 3896, V.T.C.S., and article 1001 of the Code of Criminal Procedure.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
David Harris
Jim Moellinger
Bruce Youngblood