305 So.2d 277 (1974)
Aurora HERNANDEZ, Etc., et al., Appellants,
v.
CITY OF MIAMI, Etc., et al., Appellees.
No. 74-663.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Horton, Perse & Ginsberg, William F. Sullivan, IV, Miami, for appellants.
John S. Lloyd, City Atty., and Montague Rosenberg, Asst. City Atty., for appellees.
Before BARKDULL, C.J., and HAVERFIELD, J., and CHARLES CARROLL (Ret.), Associate Judge.
*278 PER CURIAM.
Plaintiff-appellant appeals an order dismissing with prejudice the plaintiff's amended complaint as to the defendant-appellee, the City of Miami, in this negligence action.
On September 27, 1972, the defendant, Southern Bell Telephone and Telegraph Company,[1] began working upon its underground telephone system, gaining access thereto by the use of a manhole located at the intersection of North Miami Avenue and Northeast 40th Street, Miami, Florida. In order to proceed with the work, the defendant company parked two unattended vehicles in the middle of the street and adjacent to the manhole and, along with other equipment, these vehicles obstructed the view of oncoming motorists both north and southbound. Defendant-appellee, city of Miami, provided a patrolman on the first day of operations [September 27, 1972] to assist in directing traffic at this intersection. However, on the following day [September 28, 1972] there was no patrolman sent to direct traffic. On that day, Vicente Hernandez rode his motorcycle through the subject intersection when he became involved in a collision with another vehicle and, as a result of the injuries sustained thereby, died.
Thereafter, plaintiff [Aurora Hernandez], as administratrix of the estate of her deceased husband [Vicente Hernandez], filed a complaint and an amended complaint against the defendants, Southern Bell Telephone and Telegraph Company and the City of Miami. The liability of the defendant-appellee, City of Miami, was based upon the theory that the City failed to station a traffic patrolman to assist in directing the traffic at the subject intersection or failed to require that the defendant [Southern Bell] have someone assist in directing the traffic. Thereupon, defendant-appellee, City of Miami, filed a motion to dismiss for failure to state a cause of action against the City. After hearing oral argument thereon, the trial judge dismissed plaintiff-appellant's complaint with prejudice as to the defendant, City of Miami. Plaintiff appeals therefrom. We affirm.
Inherent in the right of the City of Miami to exercise its police powers is its right to determine the strategy for deployment of those powers, and sovereign authorities ought to be left free to exercise their discretion without worry over possible allegations of negligence. Wong v. City of Miami, Fla. 1970, 237 So.2d 132. The dispatching of a traffic patrolman to the subject intersection in the case sub judice was simply a matter of judgment on the part of the defendant City. See: Raven v. Coates, Fla.App. 1961, 125 So.2d 770.
Thus, it follows that the alleged duty owed by the defendant City to the plaintiff's deceased husband was no different at the time of the alleged negligence than that owed to every other member of the public and therefore, at most the duty breached was a public duty which did not inure to the benefit of the deceased. See: City of Tampa v. Davis, Fla.App. 1969, 226 So.2d 450.
Accordingly, the order herein appealed hereby is affirmed.
Affirmed.
NOTES
[1] Not a party to this appeal.