367 So.2d 1086 (1979)
CITY OF BELLEVIEW, Appellant,
v.
BELLEVIEW FIRE FIGHTERS, INC., Appellee.
No. KK-118.
District Court of Appeal of Florida, First District.
February 26, 1979.
*1087 John P. McKeever and Chester J. Trow, of Pattillo, MacKay & McKeever; Black, Landt & Appleget, Ocala, for appellant.
C. John Coniglio, Wildwood, for appellee.
MILLS, Acting Chief Judge.
The City of Belleview (City) appeals from a final judgment affirming the validity of an agreement between the City and Belleview Fire Fighters, Inc. (Fire Fighters), and requiring the City to specifically perform its obligations under that agreement.
In July of 1971, the parties executed a 5-year agreement which required the City to provide fire equipment and operating funds to Fire Fighters which was to provide all fire fighting services in the City. The agreement contained a provision granting Fire Fighters the right to extend the term of the agreement for an additional 5 years. In 1976, Fire Fighters sought to extend the agreement. The City refused to recognize the validity of the attempted renewal on the grounds that Fire Fighters had failed to perform its obligations under the agreement, and that the agreement contravened public policy by unlawfully delegating the discretionary exercise of the City's police power in the realm of fire fighting.
The case was tried before the trial court without a jury. The Fire Fighters' representative testified that under the agreement, the Fire Fighters controlled the selection of firemen, had the authority to select the City's representative to the fire department, and that the City's sole participation in the entire fire fighting process was an after-the-fact review of expenditures. The City Councilmen and the City's Mayor testified that Fire Fighters failed to submit proper budgets. The City Clerk testified that Fire Fighters had failed to submit budgets for the fiscal years 1976, 1977 and 1978. At the close of the evidence, the court ruled in favor of Fire Fighters.
The provision of fire protection by a city is both a municipal function and an exercise of the police power. The agreement between Fire Fighters and the City purported to provide for exercise of this function by division of responsibilities between the parties. Under the terms of the contract, the *1088 City was to provide the fire station, fire fighting equipment, funds sufficient for the operational expenses and maintenance of fire department equipment and operations. Ownership of the real and personal property was to remain in the City, but the parties would exercise joint control over the operating funds acquired by Fire Fighters. Fire Fighters had the exclusive right to operate the equipment and to determine the manner and method of providing fire protection for the City, including the selection of firemen and the setting of fire fighting policies. In effect, the City was powerless to direct the exercise of the police power in the fire fighting area. Upon execution of the agreement, the City lost all legal authority or ability to prevent, control or fight fires within its corporate limits.
The suit brought by Fire Fighters to enforce the contract raised the essential question of whether a municipality, by agreement with a private corporation, may contract away the authority, discretion and policy control over the exercise of its police power. In Harnett v. Austin, 93 So.2d 86 (Fla. 1956), our Supreme Court stated that a municipality cannot contract away the exercise of its police powers. The Supreme Court has further stated that the exercise of the police powers includes the right to determine strategy and tactics for the deployment of those powers. Hernandez v. City of Miami, 305 So.2d 277 (Fla.3d DCA 1974). As a matter of law and public policy, the City should be permitted to reclaim the discretions and authorities inherent in the police power of government and the effective supervision and control of both the fire fighting equipment and the fire fighting function.
In paragraph 4 of its complaint, Fire Fighters alleged:
"The plaintiff tendered the services required of it to the defendant and requested funds as required by said contract... ."
In paragraph 5 of the complaint, Fire Fighters alleged:
"Plaintiff has performed under said contract and will continue to perform under said contract."
In its answer, the City denied knowledge of the allegations of paragraph 4, expressly denied the allegations of paragraph 5 and pled, as an affirmative defense, the inadequacy of consideration to the City from Fire Fighters.
At the trial, Fire Fighters offered testimony that the corporation had fulfilled its obligation under the contract. However, the trial court denied the City the opportunity to refute Fire Fighters' pleading and testimony with respect to Fire Fighters' performance of the contract. The performance of the contract by Fire Fighters and the consideration to the City were issues of the trial. If the contract had been breached by Fire Fighters or if there was an absence of legal consideration as a result of deficient performance, then Fire Fire Fighters would not have the right to exercise the renewal option.
Fire Fighters did not favor us with a brief nor oral argument. Because of this, we do not have the benefit of Fire Fighters' contentions.
The final judgment is reversed and this case is remanded to the trial court with instructions to enter final judgment in favor of the City.
SMITH, J., and MITCHELL, HENRY CLAY, Associate Judge, concur.