389 So.2d 1195 (1980)
Tammy JENKINS, etc., et al., Appellants,
v.
CITY OF MIAMI BEACH, etc., et al., Appellees.
No. 79-1491.
District Court of Appeal of Florida, Third District.
October 14, 1980.
Rehearing Denied November 24, 1980.
Nachwalter, Christie & Falk, Jay M. Levy, Miami, for appellants.
Preddy, Kutner & Hardy and Howard K. Cherna, Miami, for appellees.
Before HUBBART, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Tammy Jenkins, a young girl, was injured late at night in Stillwater Park. The park is owned by the City of Miami Beach. The injury occurred when a young boy threw a piece of copper coil which he had pulled free from a park water fountain. The coil hit Tammy in the eye. Tammy's mother, as her natural guardian, brought suit against the City. The suit reached its premature end when the trial court entered a summary final judgment in favor of the City. Tammy seeks to revive it here.
In her effort to defeat the entry of the summary final judgment, Tammy contends that (1) the City's failure to supervise the park at night despite its knowledge that it was frequented by minors was the proximate cause of Tammy's injury; and (2) the City's failure to properly maintain the water fountain (allowing the copper coil to become loose enough to be pulled free) was the proximate cause of Tammy's injury, since the young boy's intervening act was arguably foreseeable given the City's admitted knowledge of previous acts of vandalism and "unruly and undisciplined conduct" engaged in by minors in the park at night.
We reject both contentions. Under the four-part inquiry laid down in Evangelical *1196 United Brethren Church v. State, 67 Wash.2d 246, 407 P.2d 440 (1965), commended to our use in Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979), it is apparent that the City's decision to provide no supervision in Stillwater Park at night is a planning or discretionary governmental decision for which the City cannot be held liable in tort.[1]Wong v. City of Miami, 237 So.2d 132 (Fla. 1970); Hernandez v. City of Miami, 305 So.2d 277 (Fla. 3d DCA 1974). Compare Pitts v. Metropolitan Dade County, 374 So.2d 996 (Fla. 3d DCA 1979).[2] However, the very same inquiry requires us to conclude that the City's alleged negligent maintenance of a water fountain in the park is operational level activity for which it can be held liable. Commercial Carrier Corporation v. Indian River County, supra; Cheney v. Dade County, 371 So.2d 1010 (Fla. 1979). In the present case, however, liability for the alleged negligent maintenance of the water fountain can only attach if the intervening criminal act of the young boy was foreseeable. Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1978); Nicholas v. Miami Burglar Alarm Co., Inc., 339 So.2d 175 (Fla. 1976); Fernandez v. Miami Jai-Alai, Inc., 386 So.2d 4 (Fla. 3d DCA 1980). The City's knowledge of previous acts of vandalism committed in the park makes it foreseeable that willful and malicious destruction of property may occur. The City's knowledge that minors engaged in "unruly and undisciplined conduct" makes it foreseeable that minors will engage in conduct difficult to govern or control. But such foreseeability is, without more, unrelated to the alleged negligence of the City.
The question whether the boy's act, clearly an intervening cause of Tammy's injury, was foreseeable so as to render the City liable can only be answered affirmatively if "the harm that occurred was within the scope of the danger attributable to the defendant's negligent conduct." Gibson v. Avis Rent-A-Car Systems, Inc., 386 So.2d 520 (Fla. 1980). The record before us does not reflect that the City had knowledge that its failure to properly maintain the water fountain had in the past led to this type of injury, or that "in the field of human experience," allowing a loose copper coil on the water fountain had so frequently resulted in its being torn free and used to assault others that the City should have expected such a thing to occur in its park. Gibson v. Avis Rent-A-Car Systems, Inc., supra. In short, the boy's intervening act was not, as a matter of law, foreseeable.
Accordingly, the summary final judgment entered in favor of the City of Miami Beach is affirmed.
Affirmed.
BASKIN, Judge (dissenting).
The majority is correct that the city's decision to provide no supervision in Stillwater Park is a discretionary decision for which, under Section 768.28, Florida Statutes (1975), no tort liability may attach. Wong v. City of Miami, 237 So.2d 132 (Fla. 1970).
Maintaining the water pump is, however, an operational level function so that sovereign *1197 immunity is waived if the city is negligent and that negligence is the proximate cause of appellant's injury. Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979).
If the boy's act of throwing the copper coil was not foreseeable, it can be characterized a superceding intervening cause. On the other hand, if the injury to appellant was foreseeable, the causal chain remains unbroken, and the city may be held liable for its negligence, the proximate cause of the injury.
Summary judgment should be granted only when there is no genuine issue of material fact. All inferences must be made in favor of the non-moving party. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977). The foreseeability of the loose copper coil being thrown by a boy in a park where minors played and vagrancy had occurred is a genuine issue of material fact. If reasonable men might differ, the determination of foreseeability should rest with the jury. Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977).
I would, therefore, reverse the entry of the summary judgment and remand for further proceedings.
NOTES
[1] As applied to the present case, the inquiry is (1) does the decision to provide no supervision in the park at night involve a basic governmental policy? (2) is the decision essential to accomplish that policy? (3) does the decision require the exercise of basic policy evaluation or judgment? (4) does the City have the lawful authority to make the decision? We answer all four questions affirmatively and thus classify the decision as a planning one which, regardless of its wisdom, cannot give rise to a tort claim.
[2] The appellant relies principally on Rhabb v. New York City Housing Authority, 41 N.Y.2d 200, 391 N.Y.S.2d 540, 359 N.E.2d 1335 (1976), which recites the rule that a municipality may be obliged to furnish park supervision and can be held liable in tort for its failure to do so. Of course, no such rule exists in Florida. Apart from the obvious fact that the New York rule has little precedential value, it appears that the Rhabb rule is based on the proposition that the operation of a park by a municipality is a quasi-private, not governmental, function, a distinction that was obliterated by the Florida Supreme Court in Commercial Carrier Corporation v. Indian River County, supra.