399 So.2d 507 (1981)
Craig ELLIOTT, a Minor, Appellant,
v.
CITY OF HOLLYWOOD, Appellee.
No. 80-35.
District Court of Appeal of Florida, Fourth District.
June 10, 1981.
*508 Robert L. Gossett of Brooks, Bunin & Gossett, P.A., Hollywood, for appellant.
Alan L. Landsberg, Miami, and Larry Klein, West Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is an appeal from an amended order dismissing with prejudice appellant's amended complaint against the City of Hollywood. We affirm.
The amended complaint alleged that appellant was a passenger on a motorcycle when it collided with another vehicle at an intersection in Hollywood, causing injury to appellant. The allegations in Count VII directed to the City of Hollywood were that on the day of the accident it had in effect an ordinance which was designed to prevent a homeowner from growing bushes and hedges in such a manner as to interfere with the vision of motorists; that as a result of the City's failure to enforce the ordinance, bushes and hedges were allowed to grow over the prescribed height on the property located at the subject corner; and that the resulting obstruction to the motorists' vision caused the accident involving appellant.
The City moved to dismiss the amended complaint on the ground "that the acts complained of are criminal acts by independent parties and there can be no cause of action against the City of Hollywood for failure to enforce an Ordinance."
The trial court dismissed the amended complaint, saying:
The City of Hollywood has moved to Dismiss Plaintiff's [Amended] Complaint charging the City with negligence in the failure of the City to enforce a shrubheight municipal ordinance. The [Amended] Complaint alleges that a proximate cause of an intersection accident was the inability of the Plaintiff to see the roadway because of a 12 foot high shrub of Co-Defendant, private property owner, in violation of a municipal ordinance limiting shrub height on private property at roadway intersections to 3 feet. The Plaintiff argues that the Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979) decision allows such suit against a city on the basis that once an ordinance is enacted the enforcement of such ordinance is merely ministerial. The Defendant maintains that enforcement of ordinances is discretionary. Does the mere enactment of a municipal ordinance make the enforcement of that ordinance a ministerial function of government? For example, if a speeder caused an accident, is the city liable for failure to enforce its speed limits? An affirmative response would impose an unrealistic duty upon the city to discover all municipal violations and enforce all municipal ordinances with equal fervor. Such a task would have the effect of limiting the enactment of municipal ordinances for fear that the more ordinances enacted the greater the duty *509 of the municipality to enforce them. This Court cannot extend the Commercial Carrier Corp. decision to impose even greater liabilities upon governmental agencies than those already extended.
Following an unsuccessful petition for rehearing appellant filed a motion for clarification and/or final judgment, which sought an order either granting appellant the right to another amendment to the complaint or dismissing the action with prejudice. Thereafter he filed an amended motion seeking an order which applied the "four point test" of Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979), or which could serve as a final judgment. The trial court entered an amended order, restating verbatim its original order which had granted the City's motion to dismiss the amended complaint and also dismissing appellant's amended complaint with prejudice.
Although appellant filed an Amended Count VII after entry of the trial court's original order and argued in his reply brief as though the amended count was considered by the trial court, there is nothing in the record to show such consideration. Accordingly, we must look to the first amended complaint and determine whether it states a cause of action.
We hold that the City's alleged failure to enforce its ordinance was a planning decision as opposed to an operational one, see Commercial Carrier Corp. v. Indian River County, supra, and believe that Jenkins v. City of Miami Beach, 389 So.2d 1195 (Fla. 3d DCA 1980) supports our reasoning. In Jenkins, a young girl was injured at night in a municipal park by a piece of copper coil which a boy had pulled free from a park water fountain and thrown at her. The trial court granted summary final judgment against the plaintiff in the ensuing action brought against the City. Our sister court affirmed. As to plaintiff's contention that the City's failure to supervise the park at night despite its knowledge that it was frequented by minors was the proximate cause of the injury, the appellate court held:
Under the four-part inquiry laid down in Evangelical United Brethren Church v. State, 67 Wash.2d 246, 407 P.2d 440 (1965), commended to our use in Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979), it is apparent that the City's decision to provide no supervision in Stillwater Park at night is a planning or discretionary governmental decision for which the City cannot be held liable in tort. (Footnote omitted.)
Id. at 1195-1196.
Applying the four-part test sub judice, we must inquire: (1) Does the decision not to enforce the ordinance involve a basic governmental policy? (2) Is the decision essential to accomplish that policy? (3) Does the decision require the exercise of basic policy evaluation, judgment and expertise? (4) Does the City have the lawful authority to make the decision? Municipalities have limited financial resources and must plan how best to allocate them. As long as their decisions are legally permissible, it is not for the courts to second guess them. Consequently, as the Third District held in Jenkins, supra, at 1196 n. 1, we must answer all four questions in the affirmative and classify the decision as a planning one, regardless of its wisdom.
Accordingly, we affirm.
AFFIRMED.
MOORE and BERANEK, JJ., concur.