401 So.2d 882 (1981)
Raymond ROMINE, Etc., Appellant,
v.
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 78-69.
District Court of Appeal of Florida, Third District.
July 21, 1981.
*883 Tew, Spittler & Berger and Jeffrey Allen Tew, Miami, for appellant.
Carey, Dwyer, Cole, Selwood & Bernard and Steven R. Berger, Miami, for appellee.
Before BARKDULL, NESBITT and BASKIN, JJ.
PER CURIAM.
This case was heretofore before this court, wherein we affirmed a summary judgment for the County.[1] The matter was then certioraried to the Supreme Court of Florida, 385 So.2d 1368, which remanded the cause to us for further proceedings in light of their opinion in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). Thereafter the matter was further briefed by the parties and came on for additional oral argument. We again affirm.
The appellant attempts to impose upon the County the duty of clearing trees and shrubbery from intersections in the unincorporated area. We reject any responsibility on the part of the County government in this regard. The facts indicate that the accident in question occurred under the following circumstances.
The accident occurred at the intersection of S.W. 137 Avenue and 152 Street. At this location, S.W. 137 Avenue runs north and south; S.W. 152 Street runs east and west. There are stop signs controlling east/west traffic on S.W. 152 Street; the north/south traffic has the right of way. Approximately 300 feet east of the intersection there is a "Warning Stop Sign Ahead" sign posted for westbound traffic. The southeast corner of the intersection is overgrown with trees and bushes which obstructed the vision of motorists entering the intersection. The County never undertook to trim or clear out this overgrowth, so as to improve visibility at the intersection. At approximately 7:00 P.M., December 24, 1976, the appellant was driving his pickup truck (with his wife as a passenger) north on S.W. 137 Avenue. He collided with a motor vehicle being driven westward on S.W. 152 Street by one James J. Tepley. Both Tepley and the appellant's wife died as a result of injuries sustained in the accident.
The appellant relies principally upon the cases of Commercial Carrier Corporation v. Indian River County, supra; Welsh v. Metropolitan Dade County, 366 So.2d 518 (Fla. 3d DCA 1979) for County liability. We do not find these cases applicable because the County never undertook any responsibility in regard to trees and shrubbery at this intersection. If they had, a different result might have obtained. In this connection see the following authorities: Commercial *884 Carrier Corporation v. Indian River County, supra; Welsh v. Metropolitan Dade County, supra.
In the case of Commercial Carrier Corporation v. Indian River County, supra, the governmental entity had placed traffic control devices at the intersections and were charged with failure to maintain those devices, thereby creating an unreasonable hazard. In Welsh v. Metropolitan Dade County, supra, the governmental entity was charged with negligent design, construction and maintenance of a dead end street and barricade intended to protect the public from a canal paralleling the roadway. In these cases, the governmental entities had in fact gone past the planning stage, taking affirmative steps to bring into being those traffic control devices complained of.
In the case sub judice, the negligence complained of was the failure of the County to make a decision to control the intersection with a device or devices different than that chosen and a decision as to whether or not to cut back undergrowth adjacent to the intersection. Clearly, this would constitute planning or discretionary governmental decisions (under the guidelines set forth in Evangelical United Brethren Church v. State, 67 Wash.2d 246, 407 P.2d 440 (1965), commended to our use in Commercial Carrier Corporation v. Indian River County, supra) for which the County cannot be held liable in tort. See: Jenkins v. City of Miami Beach, 389 So.2d 1195 (Fla. 3d DCA 1980). Compare: Elliott v. City of Hollywood, 399 So.2d 507 (Fla. 4th DCA 1981).
Therefore, for the reasons above stated, the summary final judgment here under review be and the same is hereby affirmed.[2]
Affirmed.
NOTES
[1] Romine v. Metropolitan Dade County, 369 So.2d 957 (Fla. 3d DCA 1978).
[2] The case still pends in the trial court against the defendant driver.