431 So.2d 355 (1983)
Bonnie COTTONE, Appellant,
v.
BROWARD COUNTY SCHOOL BOARD, Appellee.
No. 82-1352.
District Court of Appeal of Florida, Fourth District.
May 25, 1983.
Kurt R. Klaus, Jr., of Law Offices of Max P. Engel, Miami, for appellant.
Clark J. Cochran, Jr., of Hainline, Billing, Cochran & Heath, P.A., Fort Lauderdale, for appellee.

ON MOTION FOR REHEARING
GLICKSTEIN, Judge.
The original opinion herein, 8 Fla.L.W. 917 (Mar. 30, 1983), is withdrawn and the following substituted therefor.[1]
This is an appeal from a summary final judgment entered in favor of the Broward *356 County School Board in an action arising out of injuries sustained by a female high school student while engaged in a flag football game involving approximately thirty male and female students. We reverse and remand.
The basis for the trial court's decision was its finding:
as a matter of law that the allegations of insufficient supervision in the Amended Complaint upon which Plaintiffs admittedly base their claim of negligence involves discretionary decisions which constitute planning level functions for which Defendant, BROWARD COUNTY SCHOOL BOARD is immune, based upon the authority of Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980), Jenkins v. City of Miami Beach, 389 So.2d 1195 (Fla. 3d DCA 1980) and White v. Palm Beach County, 404 So.2d 123 (Fla. 4th DCA, 1981).
The amended complaint not only alleges an "insufficient amount of supervision" but also "inadequate supervision." The affidavit filed in opposition to the motion for summary judgment contains the expert opinion that twenty-eight to thirty high school boys and girls should not have been playing flag football at one time. The allegation of "inadequate supervision", coupled with the foregoing affidavit, raised a bona fide issue; namely, whether the sole physical education instructor in charge of the class was negligent in allowing so many of the male and female students to play at one time.
The school board was able to persuade the trial court that summary judgment should be entered against the plaintiffs on the theory that the number of physical education instructors available for each class is a policy matter, based on budgetary and other judgmental criteria.[2] Thus, this court held in Relyea v. State, 385 So.2d 1378, 1382 (Fla. 4th DCA 1980):
Whether to provide security guards, parking attendants, security gates, and the numbers thereof, are clearly discretionary decisions, partially based upon budgetary limitations controlled by the Legislature. See, Turner v. United States, 473 F. Supp. 317 (D.D.C. 1979).
(Emphasis supplied.)
It is one thing for the school board to say it has a policy reciting that one instructor can properly supervise a class of thirty  or more. It is quite another inquiry to determine if some policy exists which recites the number of male and female players in each sport who can safely participate at one time under the supervision of one such instructor. Did the instructor determine the number of simultaneous players in this case, or did the school board make that determination pursuant to some policy which the instructor followed? There is nothing in the record to answer that question. The affidavit of the expert which was filed with the school board's motion for summary judgment merely recited the following:
That in fact, the maximum load per physical education class in high school per teacher is forty (40) pupils, as compared to approximately twenty-eight (28) to thirty (30) students being involved in this *357 particular activity at the time of the injury to DAWN COTTONE.
Said affidavit presents yet another problem. It stated:
That I have reviewed the deposition of DONALD A. FUCHS taken on September 9, 1981, and the deposition of DAWN COTTONE taken the same date, and find that the supervision by DONALD A. FUCHS of the activity of flag football in which DAWN COTTONE was involved at the time of her accident on October 8, 1980, was entirely sufficient, and consistent with all standards and guidelines with supervising that activity, both generally and as it was specifically engaged on the date in question.
The record contains no written guidelines or standards if they exist in writing; and this court has held in a case involving an insurance policy that the question of coverage could not be determined or reviewed when the document was never before the court. Allstate Insurance Company v. Powell, 420 So.2d 113 (Fla. 4th DCA 1982).
Under the circumstances, the entry of summary final judgment was premature and inappropriate. Appellee's motion for rehearing is otherwise denied.
ANSTEAD and WALDEN, JJ., concur.
NOTES
[1] At oral argument, we were concerned with appellee's indication that it had prepared the summary final judgment. On its motion for rehearing, it advised this court that the trial court had specifically advised counsel for appellee of its findings of facts and citations to be used in the judgment; and that the hearing before the trial court was unreported. Appellant's response did not dispute that representation. We recognize that Florida Rules of Civil Procedure 1.080(h) provides in part:

The court may require that orders or judgments be prepared by a party.
Our concern generally is that trial judges not "rubber stamp" proposed judgments which involve findings of fact and conclusions of law. These ultimately must be made by the trial judge. For it to be otherwise is to turn a most responsible judicial office into that of a ministerial bureaucrat.
[2] In Jenkins v. City of Miami Beach, 389 So.2d 1195, 1196 n. 1 (Fla. 3d DCA 1980), the court said:

As applied to the present case, the inquiry is (1) does the decision to provide no supervision in the park at night involve a basic governmental policy? (2) is the decision essential to accomplish that policy? (3) does the decision require the exercise of basic policy evaluation or judgment? (4) does the City have the lawful authority to make the decision? We answer all four questions affirmatively and thus classify the decision as a planning one which, regardless of its wisdom, cannot give rise to a tort claim.