433 So.2d 669 (1983)
Leila CARTER, Mother and Natural Guardian of Charles Durham, a Minor, Appellant,
v.
CITY OF STUART and Aetna Casualty & Surety Company, Appellees.
No. 82-125.
District Court of Appeal of Florida, Fourth District.
June 29, 1983.
Robert H. Schott and Vicki J. Junod of Gamba, Junod & Schott, Palm City, for appellant.
Everett Van Gaasbeck of Jones, Foster & Moss, Vero Beach, for appellees.
LETTS, Chief Judge.
This case involves the question of whether a city has governmental immunity when it fails to enforce an ordinance. We hold that it does and affirm the summary judgment entered in its favor.
What we have here is a dog ordinance which provides in part:
(d) If any dangerous dog is found running at large or unrestrained in apparent violation of this ordinance or shall bite any person without provocation (whether running at large or restrained as prescribed here), such dog shall be taken and impounded by the impounding officer of the City of Stuart or by an officer of the City of Stuart Police Department.
Notwithstanding this provision, it appears that a property resident allowed a pit bull, which had bitten more than one person prior to the time the attack was carried out on the plaintiff, to run loose. As a result, the plaintiff claims that since the city knew of the dog's propensities, it should have enforced the ordinance and impounded the animal and is, therefore, liable for not doing so.
Whether or not we sympathize with this argument, it appears that the result here is controlled by our earlier decision in Elliott v. City of Hollywood, 399 So.2d 507 (Fla. 4th DCA 1981). In Elliott, we held that the failure of the city to enforce a municipal ordinance limiting shrub heights at intersections, *670 which failure contributed to an accident, was a planning decision not an operational one. Also see Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979).
There are obvious factual differences between the failure to enforce an ordinance setting hedge height limitations at intersections and failure to require that vicious dogs be impounded. However, we view the principle as being the same, that is, failure to enforce an ordinance.
As to the overall question of what constitutes "planning" and what is "operational," it is our view that the Florida case law is in disarray. Indeed, the only way out of the impasse at the District Court level is to certify each and every case to the Supreme Court, on its particular facts, and let our superiors show us the way until the law is clarified or Commercial Carrier is receded from. Indeed, it would appear that the Supreme Court may be slowly accomplishing the latter. See for example "The Neilson Trilogy." Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982); Ingham v. State, Department of Transportation, 419 So.2d 1081 (Fla. 1982); and City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982). See also this court's decision in Wallace v. Nationwide Mutual Fire Insurance Co., 376 So.2d 39 (Fla. 4th DCA 1979), wherein four years ago we forecast the "specter" of Commercial Carrier becoming a frightening reality, which has in fact occurred.
Accordingly, being unsure as to the state of the law, as many other District Courts appear to be, we hereby certify the following question, deeming it to be of great public importance:
IS A CITY'S FAILURE TO ENFORCE A VALID ORDINANCE A PLANNING DECISION AS OPPOSED TO AN OPERATIONAL ONE?
We see no merit to the other point on appeal and affirm the second summary judgment without further comment.
AFFIRMED.
WALDEN, J., concurs.
DOWNEY, J., concurs specially with opinion.
DOWNEY, Judge, concurring specially:
I agree entirely with the majority decision authored by Chief Judge Letts, which follows our earlier case of Elliott v. City of Hollywood, 399 So.2d 507 (Fla. 4th DCA 1981). However, I am of the opinion that the rationale expressed by the Second District Court of Appeal in Everton v. Willard, 426 So.2d 996 (Fla. 2d DCA 1983), is additional authority for finding immunity here. Elliott involved an ordinance with no implementation by way of enforcement. In the present case we have a "dog catcher" ordinance and some activity by the City toward its enforcement. The City Impoundment Officer had actually gone out to the Pennington property in response to complaints about Bee-Hound, the offending dog, but decided not to impound the animal. The officer's decision appears to me to be similar to the decision made by Deputy Parker in Everton, supra; namely, a discretionary decision "inherent both in the nature of enforcement and in the implementation of basic planning level activity."