437 So.2d 719 (1983)
BROWARD COUNTY, Appellant,
v.
James H. PAYNE, etc., et al., Appellees.
James H. PAYNE, etc., et al., Appellants,
v.
CITY OF CORAL SPRINGS, Appellee.
James H. PAYNE, etc., et al., Appellants,
v.
Steven WALLICE, etc., et al., Appellees.
Nos. 80-1966, 80-2126 and 81-4.
District Court of Appeal of Florida, Fourth District.
August 31, 1983.
Rehearing Denied October 7, 1983.
*720 Harry A. Stewart, Gen. Counsel, and John Franklin Wade, Asst. Gen. Counsel, Fort Lauderdale, for Broward County.
Larry Klein, West Palm Beach, and Ronald E. Solomon, P.A., Fort Lauderdale, for appellee-School Bd. of Broward County.
Martin J. Sperry of Krathen & Sperry, P.A., and Nancy Little Hoffmann of Law Offices of Nancy Little Hoffmann, P.A., Fort Lauderdale, for Payne.
LETTS, Judge.
The principal question presented in these consolidated appeals is whether the failure to install a traffic signal at an intersection near a school, which failure allegedly contributed to the accident that killed a 17 year old student, constitutes a planning or an operational function of government.
At first blush it appears obvious that it was a planning function which granted absolute immunity, by reason of the recent Supreme Court decision in Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982). However, the case now before us, while superficially on all fours with Neilson, possesses an additional factual wrinkle. Apparently, the forces of government in the case at bar were in agreement that a traffic light was needed and indeed the decision to install one had been arrived at. Yet, over a two year period the actual installation had not been carried out.
As a consequence, the question before us, more narrowly stated, is: Would any delay between the decision to install the light and the actuality of installation extend the planning immunity cloak during the hiatus? We answer in the affirmative and reverse.
The fruition of plans to widen a road, build a school, repave a highway, condemn a house, hire more police, buy a fire engine, request Federal aid, widen a sidewalk, erect barriers, and yes, install a traffic light are more often than not delayed for years before completion because of shortage of funds or competent available personnel. Until a governmental plan is implemented, it continues as just that  a plan. A decision to four lane a highway may be shelved for as much as a decade awaiting public monies to actually achieve it. We cannot expect a government to rush out and install a traffic light the day after it is deemed prudent to do so by the appropriate planning department. To the obvious comment that this delay was not for only the day, but was for over 700 days, we can only declare ourselves unwilling to delineate any time table.
The above would conclude this opinion, but for a new conundrum visited on us, but a few days ago, by our superiors in Tallahassee. In Harrison v. Escambia County School Board, 434 So.2d 316 (Fla. 1983) the Supreme Court found the location of a school bus stop was a planning decision. However, it concluded with a secondary holding (tracking Collom, infra) that if a known danger is created by a governmental body there is a duty to warn. In the case at bar the County built a new spin-off right-of-way (Rock Island Road) at the ill fated intersection which it is suggested contributed to the accident. Was this the creation of the kind of known danger which requires a warning or an aversion of the danger? Did the decision once made of the need to install the traffic light carry with it the concomitant duty to warn until such time as the light was operational? Finally, as the Supreme Court required in Harrison, did the instant complaint adequately allege the dangerous condition requiring warning notice of the danger? We have read and *721 reread the complaint and while its 32 pages allege almost everything but the proverbial kitchen sink, its allusions to creation of dangerous conditions, and failure to warn of them, do not appear to rise to the level "needed under City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982) and Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982)."
However, continuing with our uncertainty as to the delineation between operations and planning as recently expressed in Carter v. City of Stuart, 433 So.2d 669 (Fla. 4th DCA, 1983) and believing the matter to be of great public importance, we certify the three questions propounded in the previous paragraph to the Supreme Court.
We also take judicial notice of the fact that the recent lower court decisions, law review notes and legal periodical articles redound with wailing and gnashing of teeth on how to define and apply the dictates of Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). The so-called Modlin doctrine discarded by Commercial Carrier may well have been unsatisfactory but at least we all understood it!
The remaining questions on appeal about failure to provide signs, crosswalks, pedestrian signals, sidewalks, fences, barriers, striping and other protective devices all appear to us to be included in our discussion on the traffic light and to have been decided in favor of governmental immunity by the various cases cited herein. Accordingly, we do not address each of them in detail.
We conclude that the court should have directed a verdict in favor of the County and remand this cause for entry of a judgment in accordance herewith.
REVERSED AND REMANDED.
HERSEY and WALDEN, JJ., concur.