453 So.2d 838 (1984)
SPANISH OAKS CONDOMINIUM ASSOCIATION, INC., a Florida Corporation Not-for-Profit, Appellant,
v.
COMPSON OF FLORIDA, INC., a Florida Corporation, Appellee.
No. 84-412.
District Court of Appeal of Florida, Fourth District.
June 13, 1984.
Rehearing Denied August 23, 1984.
*839 Mark B. Schorr of Becker, Poliakoff & Streitfeld, P.A., Fort Lauderdale, for appellant.
Guy W. Harrison of Mershon, Sawyer, Johnson, Dunwody & Cole, Miami, for appellee.
GLICKSTEIN, Judge.
This is an appeal from an order, denying appellant's verified motion to vacate the final order. We reverse and remand.
It is uncontradicted from the verified motion that appellant's counsel did not receive his conformed copy of the final order which the trial court signed on November 14, 1983; nor did he know of its entry until a telephone conversation with his opposing counsel on December 30, 1983.
The trial court was incorrect in contending that it had no discretion to vacate the final order under these circumstances; and it should have vacated the order in light of the absence of anything in the record to rebut the motion which appellant's attorney swore to be true.
Rule 1.080(h)(1), Florida Rules of Civil Procedure, provides:
(h) Service of Orders
(1) A copy of all orders or judgments shall be transmitted by the court or under its direction to all parties at the time of entry of the order or judgment. No service need be made on parties against whom a default has been entered except orders setting an action for trial as prescribed in Rule 1.440(c) and final judgments that shall be prepared and served as provided in subdivision (h)(2). The court may require that orders or judgments be prepared by a party, may require the party to furnish the court with stamped, addressed envelopes for service of the order or judgment, and may require that proposed orders and judgments be furnished to all parties before entry by the court of the order or judgment. [Emphasis added.]
The Committee note thereto states, in part:
Two changes have been made to subdivision (h)(1), which have resulted in a wholesale redrafting of the rule. First, the provision requiring the submission of proposed orders to all counsel prior to entry by the court has been deleted, any inaccuracies in an order submitted to the court being remediable either by the court's own vigilance or later application by an interested party. Secondly, the rule now requires that conformed copies of any order entered by the court must be mailed to all parties of record in all instances (and to defaulted parties in two specified instances), for purposes of advising them of the date of the court's action as well as the substance of such action. Nothing in this new rule is meant to limit the power of the court to delegate the ministerial function of preparing orders. [Emphasis added.]
*840 We are unimpressed by the fact that appellant's attorney received a copy of a proposed final order from his opponent on November 3, 1983, together with a copy of a cover letter to the trial court, which said:
Enclosed is a proposed Final Order which we believe reflects your rulings on Compson's Motion for Summary Judgment in the above styled cause. Thank you.
Even if the trial judge had previously advised the attorneys that he would request such of the attorney in whose favor he decided, as he had, the notification contained in the letter of November 3, 1983, and the "proposed" final order did not satisfy the requirement of notice which Rule 1.080(h)(1) was re-designed to insure.
In footnote 1 of Cottone v. Broward County School Board, 431 So.2d 355 (Fla. 4th DCA 1983), this writer expressed his concern that trial judges not "rubber stamp" proposed judgments which involve findings of fact and conclusions of law. There was no reason to believe, in the present case, that the trial court would or did. Before seeing the trial court's conformed copy, however, appellant's attorney could not predict whether the trial court would sign the order as presented or change it. The attorney apparently had no complaint with its form, as he directed no exception to the trial court. This lack of complaint as to form is of no moment in determining whether there was notice of the date the final product was entered  whatever form that order took.
ANSTEAD, C.J., concurs.
WALDEN, J., concurs specially with opinion.
WALDEN, Judge, concurring specially.
I would reverse and remand upon authority of Woldarsky v. Woldarsky, 243 So.2d 629 (Fla. 1st DCA 1971); Gibson v. Buice, 381 So.2d 349 (Fla. 5th DCA 1980); and Gordon v. Green, 382 So.2d 1344 (Fla. 5th DCA 1980).
BY ORDER OF THE COURT:
The order on attorney's fees of June 13, 1984, is vacated.
We grant appellee's motion for clarification as to the award of attorney's fees and conclude:
1. The fees incurred in this appeal shall be treated as part of the fees incurred in the plenary appeal.
2. All issues as to entitlement and amount shall be determined after plenary appeal and final resolution of this cause.
In all other respects, appellee's motion for rehearing is denied.