

# The Attorney General of Texas

June 30, 1986

**JIM MATTOX**
**Attorney General**

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

)1 Texas, Suite 700
..ouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ray Keller
Chairman
Committee on Law Enforcement
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-509

Re:   Whether a sheriff or constable
may provide law enforcement services
under contract with a private home-
owners association, in light of
article 1581b-2, V.T.C.S.

Dear Representative Keller:

You state that the Sixty-ninth Legislature enacted Senate Bill
No. 245, which permits private groups to contract with a county for
additional police personnel. Acts 1985, 69th Leg., ch. 219 at 1764.
Questions were raised during debate as to the constitutionality of the
practice. You note that Attorney General Opinion JM-57 (1983), issued
prior to the enactment of Senate Bill No. 245, determined that such
contracts were illegal, and that this opinion casts doubt on the
validity of such contracts under Senate Bill No. 245. Accordingly,
you request an opinion on the following question:

> Whether a county sheriff or constable may
> contract with a private homeowners association to
> furnish it law enforcement services, particularly in
> view of the passage of Senate Bill No. 245. . . .

Our answer to your question will focus on the sheriff's office,
but the discussion will also apply to the constable's office. A
sheriff and a constable both hold elective offices established by the
Texas Constitution. Tex. Const. art. V, §§18, 23. They are both
peace officers, with duties prescribed by statute. Tex. Code Crim.
Proc. art. 2.12; see Tex. Const. art. V, §23 (sheriff's duties
prescribed by legislature); V.T.C.S. art. 6885 (constable to perform
duties required by law). Both officers have power to appoint
deputies. V.T.C.S. arts. 3902, 6809, 6879a.

Senate Bill No. 245 has been codified as article 1581b-2,
V.T.C.S., to "protect the public interest," a county commissioners
court may contract with a nongovernmental association for the county
to provide law enforcement services in the geographical area repre-
sented by the association. V.T.C.S. art. 1581b-2, §1. The fees for
law enforcement services are to be established by the commissioners
court according to statutory guidelines and paid into the general fund

of the county.  Id. §2.  The commissioners court must secure the agreement of the county peace officer who is to provide the services:

> Sec.  3.  (a)  The commissioners court may request the sheriff of the county or a county official who has law enforcement authority to provide the services in the geographical area for which the official was elected or appointed.
>
> (b)  If the sheriff or county official agrees to provide the services, the sheriff or official may provide the services by using deputies. <u>The sheriff or county official retains authority to supervise the deputies who provide the services and, in an emergency, may reassign the deputies to duties other than those to be performed under the contract.</u>  (Emphasis added).

V.T.C.S. art. 1581b-2, §3.

The sheriff's decisions as to deployment of his deputies within the county are left to his discretion where this matter is not specifically prescribed by law.  Weber v. City of Sachse, 591 S.W.2d 563 (Tex. Civ. App. - Dallas 1979, no writ).  Article 1581b-2, V.T.C.S., purports to allow a private association to control the sheriff's discretion to deploy his deputies.  If the sheriff agrees to provide his deputies to carry out a contract entered into under article 1581b-2, V.T.C.S., he relinquishes authority to order them to other duties, except in an emergency, during the times the contract assigns them to the geographical area represented by the private association.  Article 1581b-2, V.T.C.S., attempts to authorize a delegation of the sheriff's official discretion to a private entity.  It is therefore unconstitutional under article II, section 1 and article III, section 1 of the Texas Constitution.

Article II, section 1 of the Texas Constitution provides as follows:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one, those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

Article III, section 1, provides:

> The Legislative power of this State shall be
> vested in a Senate and House of Representatives,
> which together shall by styled 'The Legislature of
> the State of Texas.'

These provisions prohibit the legislature from delegating its power to enact laws. Brown v. Humble Oil & Refining Co., 83 S.W.2d 935 (Tex. 1935). The legislature's power under article V, section 23 of the Texas Constitution to prescribe the sheriff's "duties and prerequisites" must be exercised consistently with article II, section 1, and article III, section 1 of the constitution. Although the legislature may control the sheriff's discretion, it may not authorize a private entity to do so.

If the legislature declares a policy and fixes a primary standard, it may delegate to an administrative body or office the power to promulgate rules and prescribe details to carry out the legislative purpose. Brown v. Humble Refining Co., supra; Margolin v. State, 205 S.W.2d 775 (Tex. Crim. App. 1947). Legislative power may not be delegated to the uncontrolled discretion of a private individual or entity. Carter v. Carter Coal Co., 298 U.S. 238 (1936) (wage and hour regulations for coal industry may not be determined by vote of producers and miners); Calvert v. Capital Southwest Corp., 441 S.W.2d 247 (Tex. Civ. App. - Austin 1969, writ ref'd n.r.e.), app. dism. 397 U.S. 321 (1970) (legislature cannot delegate to Congress or Small Business Administration power to declare requisites of mutual investment company); Rosner v. Peninsula Hospital District, 36 Cal. Rptr. 332 (Cal. App. 1964) (public hospital could not require that staff physician carry malpractice insurance); City of Bellview v. Belleview Fire Fighters, 367 So.2d 1086 (Fla. Dist. Ct. App. [1st Dist.] 1979) (city could not delegate to fire fighting association all control over fire protection, including hiring of firemen and setting of fire fighting policies); C. Curtis Martin Investment Trust v. Clay, 266 S.E.2d 82 (S.C. 1980) (former private owner of publicly owned sewer system could not have power to approve or disapprove connections to sewer system); Willis v. Town of Woodruff, 20 S.E.2d 699 (S.C. 1942) (city could not make issuance of building permit for filling station contingent on permission from surrounding property owners); Attorney General Opinions H-41 (1973) (legislature could not empower a private association to regulate the relationship between dentist, patient, and third party which provides patient's dental benefits); C-73 (1963) (questioned whether Texas State Board of Examiners in Optometry could make adoption of rules contingent on two-thirds vote of licensed optometrists). See also Spann v. City of Dallas, 235 S.W. 513 (Tex. 1921) (ordinance which makes construction of a business in a residential district contingent on consent of adjacent property owners is void as improper exercise of the police power); Texas Pharmaceutical Assn. v. Dooley, 90 S.W.2d 328 (Tex. Civ. App. - Austin 1936, no

Honorable Ray Keller - Page 4  (JM-509)

writ) (finding invalid statute authorizing State Board of Pharmacy to transfer licensing fees to private corporation not under state control).

The legislature may use a private entity to implement its policy, but may not cede legislative discretion to that entity. See Attorney General Opinions M-68 (1967); V-736 (1948); V-265 (1947) (authority of state licensing agency to use examination prepared by private testing service). See also Holmes v. Roemako Hospital, 573 P.2d 477 (Ariz. 1977) (public hospital's requirement that staff physicians have malpractice insurance is not improper delegation); Parker v. Board of Behavioral Science Examiners, 125 Cal. Rptr. 96 (Cal. App. 3d 1975) (requirement that licensees have graduated from an accredited institution does not delegate legislative authority to accrediting association).

Under a contract authorized by article 1581b-2, V.T.C.S., a nongovernmental body could insist that deputies assigned to patrol its property remain there, even if the public interest would be better served by their deployment elsewhere. The statute is not a legislative limit on the sheriff's discretion, but a legislative attempt to authorize a private entity to control the sheriff's discretion. The nongovernmental association need not fulfill any requirements aside from readiness to pay for law enforcement services. No statutory controls are included to insure that contracts for law enforcement services will carry out the stated purpose of protecting the public interest. V.T.C.S. art. 1581b-2, §1. The statute instead serves the interest of nongovernmental associations in guaranteeing themselves a particular level of law enforcement services. We conclude that article 1581b-2, V.T.C.S., is not a valid exercise of legislative power. Its enactment does not alter the conclusion of Attorney General Opinion JM-57.

                              S U M M A R Y

    Article 1581b-2, V.T.C.S., which attempts to authorize a county sheriff or constable to contract with a nongovernmental entity to provide law enforcement services is invalid, as an attempt to delegate legislative power to a private entity in violation of article II, section 1, and article III, section 1, of the Texas Constitution.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General