390 So.2d 1188 (1980)
CITY OF PALM BEACH GARDENS et al., Appellants,
v.
Louise E. BARNES et al., Appellees.
No. 56762.
Supreme Court of Florida.
November 26, 1980.
Paul H. Zacks, West Palm Beach, and William Brant, Lake Park, for appellants.
David M. Schraver of Nixon, Hargrave, Devans & Doyle, Palm Beach, for appellees.
Gayle Smith Swedmark and Jack M. Skelding, Jr. of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for Florida Sheriffs Association, amicus curiae.
Richard R. Ellington, County Atty., and Charles P. Vitunac, Asst. County Atty., West Palm Beach, for Palm Beach County, amicus curiae.
OVERTON, Justice.
This is an appeal from a permanent injunction entered by the circuit court of Palm Beach County, enjoining the City of Palm Beach Gardens from implementing a contract between the city and the sheriff of *1189 Palm Beach County for the performance of law enforcement services for the city at a stated price. The circuit court expressly found the contract, which had not been approved in a referendum of city electors, violated article VIII, section 4, of the Florida Constitution, because it had not also been separately approved by county electors. We have jurisdiction.
The facts are not controverted, and the only issue is whether law enforcement agreements between municipalities and sheriffs are governed by article VIII, section 4, which, if applicable, requires a separate vote of both the city and the county electors. We reverse, finding that section 4 does not apply to this type of agreement between sheriffs and municipalities.
The basic constitutional scheme for local governments is contained in article VIII. It provides for counties [section 1] and municipalities [section 2], establishes a means for counties and municipalities to consolidate [section 3], and prescribes a method for the transfer of powers and functions between counties, municipalities, and special taxing districts [section 4]. The latter authority contained in section 4 allows the functions or powers of counties, municipalities, or special taxing districts to be transferred to or contracted to be performed by the other entity after approval of the electors of the transferor and the electors of the transferee. Section 4, article VIII, Florida Constitution, reads in its entirety as follows:
Transfer of powers.-By law or by resolution of the governing bodies of each of the governments affected, any function or power of a county, municipality or special district may be transferred to or contracted to be performed by another county, municipality or special district, after approval by vote of the electors of the transferor and approval by vote of the electors of the transferee, or as otherwise provided by law.
Section 4 allows any of three local government taxing entities, specifically counties, municipalities, and special taxing districts, to place under one of the taxing entities specific powers or functions of both. It is, in effect, a means to partially consolidate certain local governmental powers and functions for better efficiency without requiring total consolidation.
A sheriff is a "county officer" under section 1(d) of article VIII, but, as such, he is not prohibited by the provisions of section 4 from providing personal services and equipment as an independent contractor to a municipality. The sheriff, although a county official, is not the county taxing entity contemplated by section 4. In our opinion, the framers of section 4 had no intention of applying its provisions to a sheriff as a county official, and his contracting for services with a municipality is clearly different from a municipality transferring or contracting away the authority to supervise and control its police powers to the county government. This is why the instant case is not controlled by Sarasota County v. Town of Longboat Key, 355 So.2d 1197 (Fla. 1978), in which the entire police power function of the Town of Longboat Key was being absorbed by the county government and the town no longer would have had any supervisory or other control of its police power function.
We find the agreement between the sheriff of Palm Beach County and the City of Palm Beach Gardens to be a contract for services that is not prohibited by section 4 of article VIII.
For the reasons expressed, we reverse and remand to the trial court with directions to vacate the injunction and judgment entered in this cause.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, ENGLAND, ALDERMAN and McDONALD, JJ., concur.