ANSTEAD, Chief Judge.
This is an appeal from the denial of appellants’ petition seeking to prevent Bro-ward County from amending its charter to *784 assume exclusive authority over certain aspects of handgun management within the entire county without conducting a citywide as well as county-wide referendum.[1] We reverse.
Broward County proposed to submit to county voters a referendum issue authorizing an amendment to the county charter for handgun management.[2] The proposal would authorize a county-wide ordinance binding on the county’s municipalities and providing for certain minimum standards for transfer of handguns and licensing of handgun dealers.[3] The county concedes that without these amendments the municipalities would retain exclusive authority within their boundaries to regulate handguns. The City of Fort Lauderdale sought an injunction alleging that the resolution constituted an improper attempt to transfer a government power from the city to the county in violation of Article VIII, section 4 of the Florida Constitution. The city alleged that there had been no municipal approval of the transfer of power. The court entered final judgment denying the city’s request for either a preliminary or permanent injunction.
Article VIII, section 4 of the Florida Constitution provides:
Transfer of powers. — By law or by resolution of the governing bodies of each of the governments affected, any function or power of a county, municipality or special district may be transferred to or contracted to be performed by another county, municipality or special district, after approval by vote of the electors of the transferor and approval by vote of the electors of the transferee, or as otherwise provided by law.
This provision has been interpreted by the Florida Supreme Court to require a “resolution of the governing bodies of each of the governments affected.” Sarasota County v. Town of Longboat, 355 So.2d 1197 (Fla.1978). In that case the supreme court held that the attempted transfer of five governmental functions from the municipality to the county was ineffective since it was not initiated by law or resolution of the governing bodies of both of the *785 governments affected as required by Article VIII, section 4.
The City of Fort Lauderdale contends that since only one of the governments affected by the proposed transfer of authority over handgun management has passed a resolution agreeing to the transfer, such transfer is in violation of Article VIII, section 4 as construed by the Florida Supreme Court in the Sarasota County case. The city points out that under the Charter amendment to section 8.04 and the new section 8.19 the city will no longer have the power to “opt out” of the Bro-ward County handgun management ordinance by enacting its own city ordinance, a power both sides concede would exist absent the amendments. In fact, the city notes that it has previously enacted an ordinance, No. C-83-16, in response to earlier county attempts to regulate handguns, which specifically provides that there should not be a transfer of the power to manage the sale of firearms:
That no requirements relating to the acquisition, transfer, or management of firearms shall be effective within the City of Fort Lauderdale other than those imposed by Federal or State law or by an ordinance of the City of Fort Lauderdale. Specifically, Broward County Ordinance No. 83-1 and the regulations established thereby, shall not apply within the City of Fort Lauderdale.
The city simply contends on appeal that Sarasota County is applicable to the resolution of this case.
Broward County responds by directing our attention to a series of judicial decisions rendered subsequent to the Sarasota County case which it claims establishes that an amendment to a county home rule charter which does not completely remove a governmental function from municipal jurisdiction is not a “transfer of power.” See Miami Dolphins v. Metro Dade County, 394 So.2d 981 (Fla.1981); City of Palm Beach Gardens v. Barnes, 390 So.2d 1188 (Fla.1980); and City of Ormond Beach v. County of Volusia, 383 So.2d 671 (Fla. 5th DCA 1980). Indeed, the trial court found that here the amendment allowed for a “complementary scheme of overlapping authority” and distinguished the Sarasota County case by saying it was “different in degree and in kind” from the instant ease. We cannot agree with the county and trial court’s analysis.
None of the cases cited by the county supports the position that a partial transfer of municipal authority in a given area is permissible without compliance with Article VIII, section 4. All of the cases cited are properly distinguishable from Sarasota County since they did not involve transfers of municipal power. The Ormond Beach case, for example, while dealing with a county-wide library system, left the municipality’s authority to have its own library system completely intact. The other cases are similarly distinguishable.
From our reading of the Sarasota County case we can find no exception that would permit the “partial” transfer of municipal authority on a given subject to the county without compliance with Article VIII, section 4. In fact, the contemplated transfers of authority involved in Sarasota County also were subject to provisions allowing for municipal activity in the same areas of authority so long as that activity did not conflict with the county’s regulations. We read Sarasota County to bar the transfer of any municipal powers to the county unless accomplished in accord with Article VIII, section 4. The county concedes that the purpose of the amendments is to restrict the city’s authority over handgun management and that without the proper enactment of the charter amendment, the City of Fort Lauderdale would retain the authority to regulate handgun usage notwithstanding any county ordinances to the contrary. With those concessions, we do not see how the charter amendment can be viewed as anything but a transfer of a municipal power to the county, a transfer that the Florida Supreme Court says cannot be effected without compliance with Article VIII, section 4. *786 We are bound to follow the supreme court’s mandate.
Accordingly, because we find that the Florida Supreme Court has held that no transfer of a municipal authority to a county can be effected without compliance with Article VIII, section 4, we reverse the decision of the trial court and remand this cause for further appropriate proceedings consistent herewith.
DELL, J., and DWIGHT L. GEIGER, Associate Judge, concur.

. We emphasize from the outset that our review is limited to the constitutional challenge made to the procedures utilized by the county in seeking to vest itself with exclusive authority as to certain aspects of handgun control. Our decision in no way constitutes an approval or disapproval of the social policy sought to be effected by the county, a 'matter we note to be one of legislative prerogative.

. The parties have supplemented the record with the election results which reflect that while the proposal passed in Broward County, a majority of the voters in Fort Lauderdale voted against the proposal.

. The language sought to be added to the county charter consisted of the following underscored provisions:
Section 8.04 CONFLICT OF COUNTY ORDINANCES WITH MUNICIPAL ORDINANCES.
Notwithstanding any other provisions of this Charter, any county ordinance in conflict with a municipal ordinance shall not be effective within the municipality to the extent of such conflict regardless of whether such municipal ordinance was adopted or enacted before or after the County ordinance, provided that the county ordinance shall prevail over municipal ordinances whenever the County shall set minimum standards protecting the environment by prohibiting or regulating air or water pollution, or the destruction of the resources of the County belonging to the general public within the parameters set forth in Section 8.17 of this Charter. As set forth in this Charter, a county ordinance shall also prevail over a municipal ordinance in the area of land use planning. A County ordinance shall also prevail over a municipal ordinance in matters relating to Handgun Management within the parameters set forth in Section 8.19 of this Charter. In the event a county ordinance and a municipal ordinance shall cover the same subject matter without conflict, both the municipal ordinance and the county ordinance shall be effective, each being deemed supplemental, one to the other.
The proposed new Section 8.19, provides:

Section 8.19 HANDGUN MANAGEMENT.

The County Commission may adopt a countywide ordinance relating to Handgun Management which may provide for law enforcement authorities to make criminal history checks for handgun purchasers prior to the delivery of a handgun not to exceed ten (10) days, exclusive of Saturdays, Sundays, and Holidays, and to provide standards for transfers of handguns and licensing of handgun dealers.