# NORTH BREVARD COUNTY HOSPITAL DISTRICT v JESS PARRISH MEMORIAL HOSPITAL, INC.

## Case No. 85-3161-CA-T

Eighteenth Judicial Circuit, Brevard County

January 21, 1986

### APPEARANCES OF COUNSEL

**Dwight W. Severs** for City of Titusville.

**Robert Westman** for plaintiff, North Brevard County Hospital District.

**Edward Hopkins** for defendant, Jess Parrish Memorial Hospital, Inc.

**Stanley Wolfman** for defendant, Jess Parrish Memorial Hospital, Inc.

### OPINION OF THE COURT

GILBERT S. GOSHORN, JR., Circuit Judge.

This cause, having come on for a consolidated non-jury Trial before the court on December 19 and 20, 1985, Consolidated Case No. 85-3161-CA-T and Case No. 85-3742-CA-B. The Court, upon consideration of the pleadings, Stipulation of Facts, testimony of witnesses, and documentary evidence, hereby makes the following findings of fact:

## FINDINGS OF FACT

1. Plaintiff, CITY OF TITUSVILLE, is a municipal corporation, created pursuant to Chapter 63-2001, "Laws of Florida Special Acts of 1963" and statutes and laws and constitution of the State of Florida and is located in the northern portion of Brevard County, Florida.

2. Defendant, JESS PARRISH MEMORIAL HOSPITAL, INC., is a private, charitable, not-for-profit corporation established pursuant to Chapter 617, Florida Statutes, and organized under the provisions of Section 501(c)(3) IRS Code, 1954, on October 3, 1984.

3. NORTH BREVARD COUNTY HOSPITAL DISTRICT, is a special tax district which was created pursuant to special law, Chapter 28924, Law of Florida, 1953 and became effective by a referendum of qualified electors.

4. The enabling legislation as amended authorized the NORTH BREVARD COUNTY HOSPITAL DISTRICT to build, equip, operate and maintain a hospital in said district for the public, including citizens of the City of Titusville and to levy taxes upon the owners of real property located in the City of Titusville, Florida and a portion of unincorporated Brevard County, Florida.

5. The NORTH BREVARD COUNTY HOSPITAL DISTRICT BOARD is composed of members appointed as follows: Three (3) members by the City of Titusville; three (3) members by the Brevard County Commission and three (3) by the Board of County Commissioners of Brevard County subject to confirmation by the City of Titusville.

6. The City of Titusville, Florida is located within the NORTH BREVARD COUNTY HOSPITAL DISTRICT, as is a portion of unincorporated Brevard County, Florida.

7. That prior to October 31, 1984, the NORTH BREVARD COUNTY HOSPITAL DISTRICT built, equipped, operated and maintained a hospital known as Jess Parrish Memorial Hospital on the property described in Official Records Book 2552, Page 2651 of the public records of Brevard County, Florida.

8. That the Plaintiff, CITY OF TITUSVILLE, for the tax year 1984, paid ad valorem taxes, some of which went the District Board.

9. On or about October 31, 1984, the then governing board of the NORTH BREVARD COUNTY HOSPITAL DISTRICT transferred to JESS PARRISH MEMORIAL HOSPITAL, INC. by special warranty deed and bill of sale all of the property described in paragraph 7 above together with the improvements located on the property and all

of its equipment, furnishings and fixtures located therein. That the Defendants entered into an Asset Transfer Agreement providing for the transfer of all assets and the assumption of certain liabilities for the transfer of the hospital to the private not-for-profit corporation, JESS PARRISH MEMORIAL HOSPITAL, INC.

At the time of the above transfer, six (6) of the nine (9) members of the NORTH BREVARD COUNTY HOSPITAL DISTRICT were either appointed or confirmed by the City of Titusville, Florida.

The transfer was authorized by a 6-1 vote of the duly constituted Board of the District, with One (1) of the three (3) City of Titusville representatives voting against the approval and another resigning in protest.

10. That Defendant, NORTH BREVARD COUNTY HOSPITAL DISTRICT, executed the Asset Transfer Agreement, Deed and Bill of Sale to JESS PARRISH MEMORIAL HOSPITAL, INC. believing it had authority under Chapter 155.40 (1984 Florida Statutes to transfer the assets and title to the hospital.

11. The Asset Transfer Agreement provided for the transfer of title to the Hospital to Defendant, JESS PARRISH MEMORIAL HOSPITAL, INC., and the Agreement contained no "term" including beginning and ending dates for the Agreement and transfer of title.

12. The Articles of Incorporation of JESS PARRISH MEMORIAL HOSPITAL, INC. were not approved by the governing board of NORTH BREVARD COUNTY HOSPITAL DISTRICT prior to the Incorporation or prior to October 31, 1984. The Articles of Incorporation of JESS PARRISH MEMORIAL HOSPITAL, INC. do not contain a provision requiring any amendments to be submitted to the NORTH BREVARD COUNTY HOSPITAL DISTRICT prior to their approval.

13. The NORTH BREVARD COUNTY HOSPITAL DISTRICT is a special district within the meaning of Chapter 189.005, Florida Statutes (1984).

14. The NORTH BREVARD COUNTY HOSPITAL DISTRICT is a political subdivision of the State of Florida within the meaning of Chapter 286.011, Florida Statutes (1984) and its governing board is subject to Chapter 286.011, Florida Statutes.

15. A Planning Retreat was held on July 13 and 14, 1984 at the L & K Motor Inn in the City of Titusville. Members of the DISTRICT'S board of directors, various members of the medical staff and hospital staff were invited to participate. Five of the district board members

attended both days, two of the district board members attended one day, and two of the district board members were excused and did not attend the planning retreat.

16. The purpose of the Planning Retreat was the exchange of information with Herman Smith Associates so as to more effectively define and understand the needs of the hospital, vis a vis, its long-range plans.

17. Individuals attending the Planning Retreat completed and submitted questionnaires which allowed them to provide additional input to Herman Smith Associates based on their technical expertise.

18. Participants at the planning retreat were not delegated the authority to "eliminate" any planning issues, or the authority to take any policy-based, decision-making action whatsoever.

19. The record does not reveal any vote or consensus which may reasonably be construed as a commitment or decision to effectuate a reorganization of Jess Parrish Memorial Hospital or a transfer of its assets.

20. On July 17, 1984, the planning committee of the DISTRICT recommended to the district board at its regular meeting to continue the study by the consultant.

21. On September 18, 1984, all members of the governing board of the NORTH BREVARD COUNTY HOSPITAL DISTRICT were invited by the Chief Executive Officer to attend the planning committee meeting at which the planning consultant delivered a report concerning alternative governance.

Participants at the September 18, 1984 Planning Committee meeting were not delegated the authority to "eliminate" any planning issue or the authority to take any policy-based, decision-making action whatsoever.

The record does not reveal any vote or consensus which may reasonably be construed as a commitment or decision to effectuate a reorganization of Jess Parrish Memorial Hospital or a transfer of its assets.

22. The regular board meeting of October 23, 1984 at which the Transfer of Assets was approved and the considerations thereof, including public opinion, as well as advance notice of the Special Meeting held on October 31, 1984, were extensively covered in the local media, at least beginning on September 26, 1984 (Defendant's Exhibit 11).

109

23. No referendum vote was held authorizing the transfer of the hospital to the private not-for-profit corporation.

24. No money was paid to NORTH BREVARD COUNTY HOSPITAL DISTRICT for the approximately Ten Million Dollars of net assets and the hospital has been deeded to JESS PARRISH MEMORIAL HOSPITAL, INC.

## CONCLUSIONS OF LAW

1. That the NORTH BREVARD COUNTY HOSPITAL DISTRICT is a Special District and only possesses those powers expressly authorized by the legislature and has no inherent powers.

2. Where there is a reasonable doubt as to whether a Special District possesses the power to reorganize, in the manner that occurred in this case, said doubt should be resolved against the exercise of said power.

3. That Chapter 155.40 Florida Statutes (1984) does not authorize a District Hospital to deed and transfer title to the hospital to a private not-for-profit corporation, as was done in this case.

4. That Chapter 155.40 Florida Statutes (1984) only authorizes a District Hospital to enter into management contracts, leases or agreements with not-for-profit corporations.

5. The rule *expressio unius est exclusio alterius* is applicable to Chapter 155.40 Florida Statutes (1984). Since the Statute expressly authorized a method for reorganization by lease, contract or agreement, the utilizing of another method is prohibited.

6. NORTH BREVARD COUNTY HOSPITAL DISTRICT failed to comply with Chapter 155.40 Florida Statutes (1984) in that the Asset Transfer Agreement and closing documents reflect that the agreement is for an indefinite term contrary to the Statute, the Articles of Incorporation of JESS PARRISH MEMORIAL HOSPITAL, INC. were not approved by the District Board prior to the closing and the Articles fail to include a provision requiring the District Board's approval prior to any amendment to the Articles. Without power to approve amendments, the original right and obligation to approve the Articles of Incorporation is meaningless.

7. The failure by the NORTH BREVARD COUNTY HOSPITAL DISTRICT to comply with these statutory requirements renders the agreement ultra vires and therefore void.

8. The meeting of October 31, 1984 was adequately noticed under the circumstances and the public was well aware of it through the news media.

110

9. Under the special facts of this case, the purposes and intentions of Chapter 286.011 Florida Statutes and Chapter 189 Florida Statutes were fulfilled and these transactions are not voided and the prior Planning Retreat and Planning Committee Meeting does not invalidate subsequent actions at a duly noticed and public meeting absent evidence that the formal actions taken at the meeting were a perfunctory ratification of secret decisions *Yarbrough v. Young*, 462 So.2d 515 (Fla. 1st DCA 1985).

10. Chapter 155.40 Florida Statutes (1984) as utilized by the Defendants in this case is an unconstitutional delegation of legislative power to an administrative body without sufficient guidelines for the exercise of said power. *Delta Truck Brokers, Inc. v. King*, 142 So.2d 273 (Fla. 1962) and *Dickinson v. State*, 227 So.2d 36 (Fla. 1969).

11. Chapter 155.40 Florida Statutes (1984) as utilized by Defendants is unconstitutionally vague and uncertain and is rendered void for vagueness. *D'Alemberte v. Anderson*, 349 So.2d 164 (Fla. 1977); *Bertens v. Stewart*, 453 So.2d 92 (Fla. 2d DCA 1974).

12. Chapter 155.40 Florida Statutes (1984) as utilized by the Defendants in authorizing a complete transfer of the assets and title to a not-for-profit corporation is contrary to law and against public policy and contrary to the constitutional prohibition of transfer of powers without a referendum. *City of Belleview v. Belleview Fire Fighters, Inc.*, 367 So.2d 1086 (Fla. 1st DCA 1979); *City of Fort Lauderdale v. Broward County*, 458 So.2d 783 (Fla. 4th DCA 1984).

13. Chapter 155.40 Florida Statutes as utilized by the Defendants is contrary to the Special Act creating the NORTH BREVARD COUNTY HOSPITAL DISTRICT, Chapter 28924 Laws of Florida, 1953 and its amendments. The Asset Transfer Agreement, Deed and Bill of Sale are not authorized by Defendants Special Act. The Defendant's Special Act prevails over Chapter 155.40 and the Agreement, Deed and Bill of Sale are void.

14. The Agreement, Bill of Sale and Deed of Defendants is contrary to Article VII Section 10 of the Florida Constitution concerning pledging of credit since one of the major purposes of the transfer was to enter into joint ventures with private doctors utilizing the credit of the public hospital. *O'Neill v. Burns*, 198 So.2d 1 (Fla. 1967).

15. The members of the governing board of NORTH BREVARD COUNTY HOSPITAL DISTRICT occupy a fiduciary relationship in the exercise of their power when transferring Defendant's property.

16. The transfer of a multi-million dollar hospital with a net equity

of more than Ten Million Dollars to a private not-for-profit corporation without greater retention of control or adequate consideration is contrary to public policy and the transaction is void. No matter how well intended and no matter how noble the goals, to hold otherwise would permit the Legislature, utilizing similar laws to allow all public buildings to be given away.

BASED UPON THE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS ORDERED AND ADJUDGED AS FOLLOWS:

1. That the Asset Transfer Agreement, Deed and Bill of Sale dated October 31, 1984 between Defendants, NORTH BREVARD COUNTY HOSPITAL DISTRICT and JESS PARRISH MEMORIAL HOSPITAL, INC. exceed the authority authorized by Chapter 155.40 Florida Statutes (1984) and are hereby declared void ab initio.

2. That the Asset Transfer Agreement dated October 31, 1984 between NORTH BREVARD COUNTY HOSPITAL DISTRICT and JESS PARRISH MEMORIAL HOSPITAL, INC. did not comply with Chapter 155.40 Florida Statutes (1984) and is hereby declared void ab initio.

3. That the Asset Transfer Agreement, Deed and Bill of Sale are void because NORTH BREVARD COUNTY HOSPITAL DISTRICT, Special Act does not authorize said transfer and the Defendant's Special Act prevails over Chapter 155.40 Florida Statutes (1984).

4. That the Asset Transfer Agreement, Deed and Bill of Sale are void for lack of adequate consideration.

5. The Asset Transfer Agreement attached to Plaintiff City of Titusville's Complaint and dated October 31, 1984 between NORTH BREVARD COUNTY HOSPITAL DISTRICT and JESS PARRISH MEMORIAL HOSPITAL, INC. is hereby declared void ab initio and is hereby cancelled.

6. The Special Warranty Deed and Bill of Sale dated October 31, 1984 between NORTH BREVARD COUNTY HOSPITAL DISTRICT and JESS PARRISH MEMORIAL HOSPITAL, INC. attached to Plaintiff City of Titusville's Complaint are hereby declared void ab initio. The Defendant, JESS PARRISH MEMORIAL HOSPITAL, INC., is hereby ordered and directed to execute any and all documents necessary to transfer title and possession of said property to NORTH BREVARD COUNTY HOSPITAL DISTRICT within 30 days from the date of this Judgment.

7. NORTH BREVARD COUNTY HOSPITAL DISTRICT and Defendant, JESS PARRISH MEMORIAL HOSPITAL, INC., are hereby ordered and directed to cooperate with one another and to execute any and all documents and instruments to transfer title, possession and operation of JESS PARRISH MEMORIAL HOSPITAL back to the NORTH BREVARD COUNTY HOSPITAL DISTRICT, within 30 days from the date of the Judgment.

8. The Court retains jurisdiction to enforce the terms and provisions of this Judgment.

9. The Court retains jurisdiction to award costs.

THIS COURT HAS BASED ITS RULING ON NONCONSTITUTIONAL GROUNDS. HOWEVER, TO THE EXTENT THAT AN APPELLATE COURT MIGHT REVERSE THIS COURT'S OTHER RULINGS CONTAINED IN THIS JUDGMENT, THIS COURT FURTHER ORDERS AND ADJUDGES:

That Chapter 155.40 Florida Statutes as applied to this transaction is hereby declared unconstitutional because it unlawfully delegates legislative powers to a District Board without sufficient guidelines, it is void for vagueness, it allows the transfer of public property contrary to public policy and referendum, and it allows the use of public assets in violation of Article VII Section 10, Florida Constitution. Editor's Note: This case is presently on appeal to the District Court of Appeal of the State of Florida, Fifth District, Case No. 86-238.