A. Quinn Jones, III City Attorney City of Miami
QUESTION:
May the Village of Key Biscayne contract with the City of Miami for the performance of firefighting, rescue and fire inspection services, without complying with the referendum requirements of s. 4, Art. VIII, State Const.?
SUMMARY:
If the City of Miami contracts to perform firefighting, rescue and fire inspection services for the Village of Key Biscayne, without being granted the ultimate power to supervise and control such services, there would be no referendum requirements pursuant to s. 4, Art. VIII, State Const.
The City of Miami (city) and the Village of Key Biscayne (village) wish to enter into a contract whereby the city will provide firefighting, rescue and fire inspection services to the village.
Pursuant to s. 4, Art. VIII, State Const.:
 By law or by resolution of the governing bodies of each of the governments affected, any function or power of a county, municipality or special district may be transferred to or contracted to be performed by another county, municipality or special district, after approval by vote of the electors of the transferor and approval by vote of the electors of the transferee, or as otherwise provided by law.
Thus, a municipality may transfer its power or function to provide firefighting, rescue and fire inspection services to another municipality, county or special district pursuant to this constitutional provision.
The Supreme Court of Florida, in City of Palm Beach Gardens v. Barnes,[1] considered whether the referendum requirements in s. 4, Art. VIII, State Const., would apply when the sheriff of Palm Beach County contracted with a city to provide law enforcement services for the city. The sole issue was whether law enforcement agreements between municipalities and sheriffs are governed by s. 4, Art. VIII, State Const. The Court concluded that the constitutional provision was not applicable and, therefore, no separate vote of the city and county electors was required. It was determined that the sheriff, as a county officer, was acting as an independent contractor when he contracted to provide personal services and equipment to the city and would not be considered a county taxing entity contemplated by s. 4, Art. VIII, State Const.
The Barnes Court distinguished Sarasota County v. Town of Longboat Key,[2] an earlier case in which Sarasota County sought, by ordinance, to absorb the entire police power function of the Town of Longboat Key, leaving the town with no supervisory or other control of its police power function. TheLongboat Key Court stated:
A plain reading of Article VIII, Section 4 reflects that a transfer of governmental powers requires distinctive procedures for the initiation of a transfer, that is, by law or by resolution of the governing bodies of each of the governments affected.[3]
Since Sarasota County attempted to transfer powers and functions from the cities to the county without complying with the procedure in s. 4, Art. VIII, State Const., the Court found the county's resolution ineffective for that purpose. In Barnes, however, the sheriff's contracting for services with a municipality was distinguishable from a municipality transferring or contracting away the authority to supervise and control its police powers to the county government.[4]
More recently, in Broward County v. City of Fort Lauderdale,[5]
The Supreme Court of Florida held that contracting for services, without divesting the ultimate authority to supervise and control the provision of such services, does not constitute a transfer of powers pursuant to s. 4, Art. VIII, State Const. Thus, as stated by the Court, provision of services may be transferred without section 4 implications if the ultimate responsibility for supervising those services is not transferred.[6]
In AGO 90-77, this office considered whether the Port Everglades Authority, a special district, could assign its police function to the City of Hollywood and contract for the performance of the police function throughout the port's jurisdiction, without complying with the referendum requirements in s. 4, Art. VIII, State Const. The opinion concluded that the transfer of ultimate responsibility for supervising law enforcement services from the port authority to another local governmental entity would require dual referenda pursuant to s. 4, Art. VIII, State Const., while a contractual agreement which does not divest the ultimate control and supervision of the port authority would not.
You have not stated whether the ultimate supervisory power or function of the Village of Key Biscayne is to be transferred to the City of Miami. Such a determination would be made by examining the language of the resolution, documents or contracts transferring the powers to the city. This office, however, may not substitute for local counsel in providing an interpretation of such documents.
Accordingly, if the Village of Key Biscayne seeks to transfer to the City of Miami its supervision and control of firefighting, rescue and fire inspection services, the provisions of s. 4, Art. VIII, State Const., must be followed. If ultimate control and supervision of such services are retained by the village, however, then a contract for the provision of firefighting, rescue and fire inspection by the City of Miami, does not have to be approved by dual referenda.
[1] 390 So.2d 1188 (Fla. 1980).
[2] 355 So.2d 1197 (Fla. 1978).
[3] Id. at 1201.
[4] 390 So.2d at 1180.
[5] See, Broward County v. City of Fort Lauderdale,480 So.2d 631 (Fla. 1985).
[6] Id. at 635.