Mr. Kevin Daly Branford Town Attorney Post Office Drawer 23109 Gainesville, Florida 32602
Dear Mr. Daly:
On behalf of the Town of Branford, you ask substantially the following question:
Is the town required under s. 4, Art. VIII, State Const., to hold a referendum to approve a contract with the sheriff for the provision of the town's law enforcement functions by the sheriff?
In sum:
Section 4, Art. VIII, State Const., does not require the town to hold a referendum to approve a contract for the provision of the town's law enforcement functions by the sheriff since the town, by retaining the authority to cancel the contract, has not abrograted its ultimate responsibility to supervise law enforcement functions.
Section 4, Art. VIII, State Const., provides:
By law or by resolution of the governing bodies of each of the governments affected, any function or power of a county, municipality or special district may be transferred to or contracted to be performed by another county, municipality or special district, after approval by vote of the electors of the transferor and approval by vote of the electors of the transferee, or as otherwise provided by law.
The Supreme Court of Florida in City of Palm Beach Gardens v. Barnes[1] concluded that a contract between the city and the sheriff did not violate the above provision since the sheriff, although a county officer, was acting as an independent contractor when he contracted to provide personal services and equipment to the city.[2] The Court distinguished such a contractual arrangement from that of a municipality contracting away its authority to supervise and control its police powers to county government.[3]
Subsequently the Supreme Court in Broward County v. City of Fort Lauderdale[4] again addressed the issue of the transfer of powers, stating that dual referenda are required "when the preemption goes beyond regulation and intrudes upon a municipality's provision of services." In considering its earlier decision in Barnes, the Court stated:
The city in [Barnes] contracted with the county sheriff to provide police services to the city. This Court held that contracting for services, without divesting ultimate authority to supervise and control, did not constitute a transfer of powers vis-a-vis section 4. Thus, provision of services may be transferred without section 4 implications if the ultimate responsibility for supervising those services is not transferred.[5] (e.s.)
The above cases make it clear that a city may enter into a contract with the sheriff for the provision of law enforcement functions so long as ultimate responsibility for supervising those services is not transferred.
According to your letter, the proposed contract states that the town retains ultimate supervisory control over law enforcement functions by retaining the authority to terminate the contract upon giving sixty days notice. The town, by retaining the authority to cancel the contract, does not appear to have abrograted its ultimate responsibility to supervise law enforcement functions.
Arrangements of this sort are often effective and beneficial for the parties involved. As a matter of policy, such arrangements are made for efficiency and should, therefore, be encouraged.
Thus, the Town of Branford, by retaining ultimate responsibility for supervising the provision of law enforcement services, is not required by s. 4, Art. VIII, State Const., to submit the contract to approval by referendum.
Sincerely,
Robert A. Butterworth Attorney General
RAB/hpa
[1] 390 So.2d 1188 (Fla. 1980).
[2] Cf., s. 30.2905, F.S.
[3] The Barnes Court distinguished its decision from its earlier decision in Sarasota County v. Town of Longboat Key,355 So.2d 1197 (Fla. 1978), in which the entire police function of the town was absorbed by the county and the town no longer had any supervisory or other control over its police functions.
[4] 480 So.2d 631, 635 (Fla. 1985).
[5] Id.